[No. 13117. In Bank. — March 13, 1890.]

MARY ROMINE, RESPONDENT, v. L. J. CRALLE ET AL., APPELLANTS.

APPEAL — ORDER STAYING EXECUTION — FILING OF BOND — NOTICE OF ORDER — CONTEMPT — RESTITUTION BY RESPONDENT'S ATTORNEY. — When the supreme court has, upon notice to the respondent's attorney, made an order pending an appeal from a judgment staying execution thereon, on the ground that the appellant had given a new and sufficient bond for such stay by leave of this court, which was received and accepted by this court before the order was made, and which was placed with the papers in the cause, though not indorsed filed, the respondent's attorney cannot excuse himself from contempt for enforcing execution in violation of such order, by questioning the regularity of the steps resulting in the order, or objecting that the bond was not filed, or that he had no notice of the making of the order. Having notice of the application, and being present to resist it, no further notice was necessary. Conceding that the good faith of respondent's attorney should protect him from further penalty, he will be required, upon attachment for contempt, to restore to appellant the amount collected on the judgment in violation of such order, with legal interest from the date of collection.

PROCEEDINGS for contempt in disobeying an order of the Supreme Court staying execution upon a judgment of the Superior Court of the county of Sonoma, appealed

to this court.  The facts are stated in the opinion of the court.

*John F. Burris, Henley, Swift & Rigby,* and *Henry E. Wells,* for Petitioner.

*Laughlin & Thompson,* for Respondent.

WORKS, J. — Several appeals have been taken in this case by the defendant Hirschler, one of which is still pending, the others having been dismissed.  (*Romine* v. *Cralle,* 80 Cal. 626.)

On the twenty-fifth day of April, 1889, the attorney for said Hirschler filed in this court a petition for leave to file a stay-bond, and for an order of stay, in which it was alleged, in substance, that a bond had been given in the court below, but that for technical reasons the judge of that court had declined to receive the justification of the sureties or approve the bond.  At the time this application was made, there were at least two appeals pending, one from the judgment, and one from the order denying a new trial.  It is also claimed by the respondent in this proceeding that there had been two appeals from the judgment, and that, because the first was undisposed of, the second one, which was the one relied upon by the appellant, and the one then being prosecuted by him, was void.  The petition for leave to file a stay-bond did not designate in which appeal it was desired to file the same, but it was recited as a fact that an appeal from the order denying a new trial had been taken, and that the transcript was then ready to be filed.  On the filing of this petition, the following order was made: " On reading and filing the verified petition of John F. Burris herein, showing that a judgment had been heretofore entered in the above-entitled action in the superior court of the county of Sonoma, in favor of the above-named defendant Ed Hirschler; that said Hirschler had appealed therefrom to this court; that said judgment is a

money judgment; that in order to secure a stay of execution on said judgment, said Hirschler filed an undertaking under and in pursuance of the provisions of section 942 of the Code of Civil Procedure of this state, with sureties sufficient in fact to comply with said provisions; that on exception being taken to their sufficiency as such sureties, said sureties attempted to justify before the county clerk of said county of Sonoma, and before the judge of said superior court; that for technical reasons the said undertaking has been rejected by the judge of said court; that in consequence thereof an execution has been or is about to be sued out on said judgment and placed in the hands of the sheriff of the city and county of San Francisco, and thereupon by him extended against the appellant's property now being in said city and county, and praying for leave to file in this court a new undertaking on appeal, under section 942 of the Code of Civil Procedure, staying all proceedings on said judgment as allowed by law, in the sum of $3,743.02, with John F. Burris and Martin Sachs, both of said city and county, as sureties.

" Now, the premises considered, ordered that the above-named respondent show cause before the chief justice of this court, at his chambers, No. 121 Post Street, in said city and county, on Tuesday, the second day of May, 1889, at 10 o'clock, A. M., of that day, or as soon after as the matter can be heard, why the said appellant should not be allowed to file said undertaking in this court, and why said sureties, or others in their places, should not be then and there permitted to justify as to their sufficiency on said undertaking; and why, thereupon, an order of this court should not be made staying all proceedings on said judgment, and superseding any execution already issued on said judgment, during the pendency of this appeal.

" Further ordered, that all proceedings on said judgment, and the extension of any execution or executions,

if any, already issued on said judgment, be, and they are in the mean time, stayed.

" Also, that a copy of this order be served on said respondent, or her attorneys, three days at least before said second day of May, 1889."

The respondent, by her attorney, W. R. Thompson, appeared at the time named in this order, and resisted the petition, contending that the appeals had not been properly taken, that no proper efforts had been made to justify the sureties in the court below, and that the appeals were taken for delay. These facts were set out in an affidavit made and filed by Mr. Thompson. The objections to the filing and approval of the bond were overruled, and the bond allowed to be filed, the sureties justified, and the following order was made by the court: " The defendant and appellant Ed Hirschler having been allowed on application therefor to file in this court a new undertaking on his appeal herein, with sureties who have satisfactorily justified as to their sufficiency, now, ordered that all proceedings on the judgment herein be stayed till the determination of said appeal, and that the execution now in the hands of the sheriff of the city and county of San Francisco issued upon said judgment, be, and the same is hereby, superseded."

The bond given was to stay proceedings under both the appeal from the judgment, and from the order denying a new trial.

This bond was never indorsed filed by the clerk, but it was received and accepted by the court, placed with other papers in the case in the clerk's office, and acted upon by the court, as shown by the above order.

Subsequent to these proceedings, a motion was made to dismiss the appeals. The motion to dismiss the appeal from the order denying a new trial was allowed, and the appeal dismissed, and the motion to dismiss the appeal from the judgment was denied, leaving but the latter appeal pending. Thereupon the attorney for re-

spondent above named applied to the clerk of this court for, and procured to be sent down, a *remittitur* upon the order dismissing the appeal from the order denying a new trial. He then caused an execution to issue from the court below on the judgment, and enforced payment thereof, notwithstanding the giving of the stay-bond and the proceedings and order of this court above recited.

The attorneys for said Hirschler have filed in this court a petition for an order requiring the said Thompson to repay the money collected on said execution, and that he be punished for contempt for having caused the issuance and enforcement of said execution in violation of the order of this court staying proceedings. The said Thompson has filed his answer to said petition, in which he renews his claim, made in opposition to the stay of proceedings, that the respondent was not entitled to such stay, and attempts to show that the proceedings and order of this court only stayed proceedings on the appeal from the order denying a new trial, and did not affect his right to enforce the judgment after said appeal was dismissed; avers that he believed his client had the right to issue execution notwithstanding the giving of the bond; that the bond was never in fact filed; that he acted in good faith, and did not intend to violate any order made by this court. He further alleges that he was present at the application to be allowed to justify the sureties in this court, but says that he " denies that he, at that time, or at any time subsequent thereto until the commencement of this proceeding, knew, or suspected, or had reason to suspect, that any such order of this court in that behalf was made, and that no copy of the order was ever served on him." He also denies that he knew that execution on the judgment was stayed.

We think none of these allegations can avail the respondent. We cannot, in this proceeding, stop to inquire whether the steps taken in this court which resulted in

the order staying the execution were strictly regular or not. Nor can the respondent be allowed to question their regularity in justification of his conduct in causing the enforcement of the judgment. It is enough to say that this court had jurisdiction to make the order, and that it was made. Having been made, it should have been respected and obeyed until set aside. Nor can the respondent excuse himself by showing that he had no notice of the making of the order. He had notice of the application therefor, and was present and resisted it. No further notice to him or his client was necessary.

Considering the respondent's good standing in the profession, and his claim that he acted in good faith in this matter, we are not inclined to inflict any penalty upon him in case the money wrongfully collected is repaid. But conceding his good faith, and that he believed he could avoid the effect of the order on technical grounds, his conduct cannot be excused or overlooked.

The order of the court is, that the said W. P. Thompson repay to the appellant Hirschler, within thirty days, the amount collected on said judgment, with legal interest from the date the same was collected, and that he furnish to this court satisfactory evidence that such payment has been made.

Fox, J., McFarland, J., Beatty, C. J., and Thornton, J., concurred.