[Crim. No. 392.   In Bank.—January 18, 1898.]

## Ex Parte ROSA QUEIROLO on Habeas Corpus.

119   635
137   497
119   635
d143  315

DIVORCE—CUSTODY OF CHILDREN—MODIFICATION OF DECREE—APPEAL—STAY OF PROCEEDINGS—CONTEMPT—VOID ORDERS—HABEAS CORPUS.—An appeal from an order modifying a decree of divorce, so as to award to the father the custody of the minor children, which by the original decree were awarded to the custody of their mother, suspends and stays all proceedings under the modifying order; and orders made pending such appeal, directing the mother to deliver the custody of the children to the father, and punishing her for contempt for refusal to obey such direction, are without jurisdiction and void, and she will be discharged from unlawful imprisonment therefor, upon *habeas corpus*.

ID.—STATUTORY CONSTRUCTION—EFFECT OF APPEAL FROM JUDGMENT.—The effect of an appeal from a judgment is purely a matter of statutory regulation, to be determined by a construction of the statute under which the appeal is taken, and, when its terms are clear and unambiguous, the court is concluded thereby, and its function is simply to enforce the statute, without regard to supposed evil consequences resulting therefrom.

WRIT of *habeas corpus* to the sheriff of the City and County of San Francisco, to test the validity of an order of the Superior Court of the City and County of San Francisco, imprisoning petitioner for contempt of court.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, and F. D. Brandon, for Petitioner.

VAN FLEET, J.—Application for discharge on *habeas corpus*. By the decree of divorce between petitioner and her husband the court awarded her the custody of the three minor children of the marriage; subsequently, the court modified its decree by awarding the custody of the children to the father.   From the

decree as thus modified petitioner took an appeal to this court, which appeal is still pending. After the perfecting of said appeal by the petitioner, the court below made an order directing her to make immediate delivery of the children to the father; and, upon her failure to comply adjudged her guilty of contempt, and committed her to the county jail, there to remain until she shall have complied with such order. Petitioner asks to be discharged, contending that the entire contempt proceeding and order therein is void for want of power in the court to proceed in the premises pending her appeal, and this contention must be upheld. That the order modifying the decree was one from which an appeal lies to this court is admitted, and that the appeal was properly perfected is not denied. Section 949 of the Code of Civil Procedure provides that in cases not provided for in certain other sections (of which this is one) the perfecting of the appeal in the manner here pursued "stays proceedings in the court below upon the judgment or order appealed from," except in certain' designated cases—under which exceptions this case does not fall. It is obvious, therefore, from the very words of the statute, that the effect of the petitioner's appeal was to stay the hand of the court below in any effort looking to the enforcement of said modified decree; and the case is not to be distinguished in principle from the cases of *Foster v. Superior Court*, 115 Cal. 279, *Schwarz v. Superior Court*, 111 Cal. 106, *Stateler v. Superior Court*, 107 Cal. 536, *Ruggles v. Superior Court*, 103 Cal. 125, and numerous other cases decided by this court, wherein it is held that the effect of the appeal in instances of this character is to remove the subject matter of the adjudication from the jurisdiction of the court below pending the appeal, and suspend the power of that court to enforce its order or judgment until the appeal is determined. This being so, the coercive measures adopted by the superior court in this instance to enforce its decree were in excess of its power, and simply void; and the imprisonment of petitioner in pursuance thereof is without authority of law.

With the supposed evil consequences, suggested by respondent, as possibly flowing from this conclusion, the court may not concern itself in an instance such as this. The effect of an appeal from the judgment, as suggested in *Foster v. Superior Court, supra,* is

purely a matter of statutory regulation, to be determined by a construction of the statute under which the appeal is taken, and by the terms of which, when clear and unambiguous, we are concluded. It is for the legislature to make the law. Our function is simply to enforce it.

The petitioner is discharged.

Harrison, J., Garoutte, J., Henshaw, J., McFarland, J., Beatty, C. J., and Temple, J., concurred.