[L. A. No. 1017.  In Bank.—October 17, 1902.]

## KATE S. VOSBURG, Respondent, v. JOHN S. VOSBURG, Appellant.

DIVORCE—CUSTODY OF CHILDREN—APPEAL—JURISDICTION TO MODIFY DE-
CREE.—Pending an appeal taken from a judgment of divorce which
includes a judgment awarding the custody of the minor children,
the trial court has no jurisdiction to change or modify the judgment
as to the custody of the children, and such modifying order will
be reversed upon appeal therefrom.

APPEAL from an order of the Superior Court of Los An-
geles County modifying a judgment of divorce as to the cus-
tody of children.  Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Works & Lee, for Appellant.

J. S. Chapman, and Charles Silent, for Respondent.

McFARLAND, J.—This is an appeal by defendant from
an order of the superior court dated July 7, 1900, entered in
the judgment-book August 4, 1900, modifying and changing
the judgment which had theretofore been rendered in the case

so far as said judgment fixed the care and custody of the minor children of the parties. Defendant also appeals from a minute order of the same date and to the same effect as the one above mentioned; but the two appeals are substantially the same.

The action was commenced November 12, 1898, by the plaintiff to procure a divorce from her husband, the defendant, and the custody of the three minor children of the parties, Royden, Keith, and Murray. The defendant appeared and answered, and afterwards the case came regularly on to be heard, and was tried, and the court, on August 31, 1899, rendered a judgment granting the plaintiff a divorce as prayed for, and decreeing that, with some conditions mentioned, plaintiff should have the custody of the two children Keith and Murray, and that defendant should have the custody of the child Royden. From this judgment, and from the whole of it, defendant appealed to this court, and gave the undertakings on appeal necessary to the stay of proceedings provided for in section 946 of the Code of Civil Procedure. Afterwards, on July 7, 1900, and while the said appeal was pending, the court, on petition of plaintiff, made an order which materially modified and changed that part of the judgment which decreed the custody of the children as above stated, and, among other things, took away the custody of the child Royden from the defendant and gave it to the plaintiff. From this latter order defendant took an appeal to this court, and this latter appeal is the one now before it.

Appellant contends for a reversal of the order upon several grounds, but under our view of the case only one of those grounds need be considered. The contention which must be sustained is, that while the appeal was pending from the original judgment the court had no jurisdiction to modify or change it.

Under that part of the Code of Civil Procedure which deals with appeals, and which, under the authorities, governs the question here involved, the contention of appellant is clearly maintainable. Section 946 of the Code of Civil Procedure provides that "whenever an appeal is perfected, as provided in the foregoing sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, *or upon the matters embraced therein.*" 'It

is not a sufficient answer to this clear provision to say that in the Civil Code (sec. 138) it is provided that in an action for divorce the court may before or after judgment give such directions as to the custody, etc., of the minor children as may be proper, "and may at any time vacate or modify the same." Evidently, that provision of the Civil Code has no reference to the subject of appeals, or to the effect of an appeal—all of which is governed by the Code of Civil Procedure. Ordinarily, a judgment or order of a superior court is final, so far as that court is concerned, and cannot be further disturbed by such court, except upon a motion for a new trial, or some other express statutory proceeding; and it was obviously the purpose of the Civil Code merely to relieve the superior court from that limitation of its powers in the matter of the care and custody of the minor children of the parties, and to provide that it might change or vacate any judgment or order on that subject without a motion for a new trial, etc. But clearly it applies only to a case where the superior court has still jurisdiction over the judgment or order in question, and not to a case where such jurisdiction has been, by appeal, removed to the appellate court.

The case of *Ex parte Queirolo*, 119 Cal. 635, seems to be in point. There the petitioner had a judgment divorcing her from her husband, and awarding her the custody of three minor children. Afterwards the court made an order modifying the judgment by awarding the custody of the children to the father; and from this order petitioner appealed. Pending the appeal the court below made an order directing her to immediately deliver the children to the father, and upon her failure to do so adjudged her guilty of contempt and committed her to the county jail. Upon *habeas corpus*, this court, in Bank, all the justices concurring, discharged her from custody upon the ground that this order of the court below was void because made pending the appeal. Respondent herein seeks to distinguish that case from the one at bar, upon the ground that there the court below was seeking to enforce an order pending an appeal from it; but the two cases are, in principle, the same. The decision in the Queirolo case is put on the broad ground that "the effect of the appeal in instances of this character is to remove the subject-matter of the adjudication from the jurisdiction of the court below pending

the appeal,'' and former decisions to that point are cited. In *Stateler* v. *Superior Court,* 107 Cal. 536, which involved an appeal from an order of adjudication in an insolvent case, the court said: ''The order of adjudication was an appealable order, and the effect of the appeal from that order was to stay 'all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein.' (Code Civ. Proc., sec. 946; *Dennery* v. *Superior Court,* 84 Cal. 7; *Pennie* v. *Superior Court,* 89 Cal. 31.) Pending the appeal the superior court had no more power to modify the order appealed from in the manner indicated than it would have had to *proceed and enforce* it in its entirety. The effect of the appeal is to remove the subject-matter of the order from the jurisdiction of the lower court, and that court is without power to proceed further as to any matter embraced therein until the appeal is determined. (*Ruggles* v. *Superior Court,* 103 Cal. 125.)'' In *Savings Union* v. *Myers,* 72 Cal. 163, the court says: ''We think it very plain that the superior court cannot deprive this court of jurisdiction of an appeal from a judgment by amending the judgment while the appeal is pending here.'' In *Schwarz* v. *Superior Court,* 111 Cal. 113, the court, quoting from *Merced Mining Co.* v. *Fremont,* 7 Cal. 130, says: ''The stay of proceedings pending appeal has the legitimate effect of keeping them in the condition in which they were when the stay of proceedings was granted. It operates so as to prevent any future change in the condition of the parties.'' In *Shay* v. *Chicago Clock Co.,* 111 Cal. 552, the court says: ''While an appeal from the judgment is pending that court has no power to amend or correct its judgment.'' (See, also, *Livermore* v. *Campbell,* 52 Cal. 75; *Kaufman* v. *Superior Court,* 108 Cal. 446; *Peycke* v. *Keefe,* 114 Cal. 212.) An appeal from a judgment or order would be futile, and this court would be deprived of jurisdiction if pending the appeal the judgment or order appealed from could be modified or changed into something radically different by a subsequent order of the lower court. Of course, circumstances can be imagined under which a power in the trial court to change a judgment or order while an appeal was pending could be wisely used for the welfare of children; but that consideration was pressed in the Queirolo case, and the court there said: ''With the supposed

evil consequences suggested by respondent, as possibly flowing; from this conclusion, the court may not concern itself in an instance such as this. The effect of an appeal from the judgment, as suggested in *Foster* v. *Superior Court* [115 Cal. 279], is purely a matter of statutory regulation, to be determined by a construction of the statute under which the appeal is taken, and by the terms of which, when clear and unambiguous, we are concluded. It is for the legislature to make the law. Our function is simply to enforce it."

The orders appealed from are reversed.

Temple, J., Henshaw, J., and Garoutte, J., concurred.

Rehearing denied.