[Crim. No. 513. Second Appellate District.—October 17, 1916.]

In the Matter of the Application of EUGENIA N. DUPES, for a Writ of Habeas Corpus.

DIVORCE—CUSTODY OF CHILDREN—APPEAL—STAY OF PROCEEDINGS.—In an action for divorce an order included in the interlocutory decree awarding the father the custody of the minor children of the parties is stayed by the taking of an appeal from such decree by the wife, and the trial court has no jurisdiction pending the appeal to order that such children be taken from the possession of their mother and given to their father.

ID.—EFFECT OF APPEAL—REMOVAL OF JURISDICTION.—The effect of the perfecting of an appeal is to stay all further proceedings upon the judgment or order appealed from or matters embraced therein in the court below, and to remove the subject matter of the adjudication from the jurisdiction of such court.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District to secure the custody of minor children.

The facts are stated in the opinion of the court.

MacKnight & Fitzgerrell, and P. N. Myers, for Petitioner.

Chas. N. Sears, and E. J. Emmons, for Respondent.

SHAW, J.—The facts are as follows: On February 25, 1916, T. W. Dupes filed a complaint in the superior court of Kern County, wherein he prayed for a decree of divorce from Eugenia N. Dupes and the award to him of the care, custody, and control of Janice and Bernard Dupes, minor children of the parties, who it appears were at the time living with their mother. By answer and cross-complaint, Eugenia N. Dupes asked that she be awarded the decree of divorce and likewise awarded the care and custody of the children; each of said parents alleging the other's unfitness to have control of them. Pending the trial an order was issued to Eugenia N. Dupes requiring her to show cause why an order should not be made awarding the custody of the children to their father, and this matter coming on for hearing, the court, pursuant to stipulation of the parties, on March 6, 1916, made an order, subject to such further order as might be made, awarding the custody

of the children to the mother. The case was tried and, on July 22, 1916, the court made findings in said action upon which, as a conclusion of law, it found that T. W. Dupes was entitled to a decree of divorce, and that Eugenia N. Dupes was unfit to have the custody and care of the minor children, and awarding their custody to the father. Three days thereafter, to wit, on July 25, 1916, the defendant in said action, Eugenia N. Dupes, perfected an appeal from said interlocutory judgment. After the appeal had been perfected, and on July 26, 1916, the court made an order reciting that, whereas, before the hearing of said action upon its merits, to wit, on March 6, 1916, an order had been made awarding the care, custody, and control of said minor children to the defendant Eugenia N. Dupes, and the court having at the conclusion of the trial of the action found that defendant was not a fit and proper person to have the care of said children, and it having appeared by the evidence introduced that T. W. Dupes was a proper person to whom their care and custody should be awarded, ordered that said temporary order made on the sixth day of March, 1916, be vacated, and the care, custody, and control of said children awarded to their father, T. W. Dupes. Thereafter, on July 31, 1916, the court by an order directed the sheriff of Kern County to take into his custody and deliver to the court said Janice and Bernard Dupes, to be disposed of according to the order of court; and further ordered that a copy of the order so made be delivered to the mother then having possession of the children. The sheriff complied with this order and took from the mother the possession of the children and produced them in court; whereupon, on the same day, to wit, July 31, 1916, the court ordered the sheriff to immediately deliver the children to their father.

By the return made in response to the writ, T. W. Dupes bases his right to the custody, care, and control of the minors upon the findings of fact showing petitioner's unfitness to have charge of the children, and upon the interlocutory decree made July 22, 1916, awarding the custody of the children to the plaintiff in said action; and also upon the order of the superior court made after the perfecting of the appeal from said interlocutory decree (and which said order purported to vacate and set aside the order awarding the custody of the children to Eugenia N. Dupes on March 6, 1916), pursuant

to which the sheriff was on July 31, 1916, directed to take possession of the children and deliver them to the father.

The effect of the perfecting of an appeal is to stay all further proceedings upon the judgment or order appealed from or matters embraced therein in the court below. (Code Civ. Proc., secs. 946, 949.) It operates to remove the subject matter of the adjudication from the jurisdiction of the court below pending the appeal, and suspends the power of that court to enforce its order until the appeal is determined. (*Ex parte Queirolo*, 119 Cal. 635, [51 Pac. 956].) "The effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court, and that court is without power to proceed further as to any matter embraced therein until the appeal is determined." (*Vosburg* v. *Vosburg*, 137 Cal. 493, [70 Pac. 473].) The fitness of the respective parties as custodians of the children was one of the issues involved in the action and tried by the court, and as to which it found the mother, Eugenia N. Dupes, was not a proper person to have control of the children; that the father was a fit person to whom the control should be awarded, and so ordered. The mother, however, under and by virtue of the order of March 6th awarding her the custody of the children, had possession of them and, since the stay of proceedings pending appeal has the legitimate effect of keeping the subject thereof in the condition in which it was when the stay of proceedings was granted (*Schwarz* v. *Superior Court*, 111 Cal. 113, [43 Pac. 580]), it would seem clear that the decree from which the appeal was perfected should constitute no ground upon which respondent could found his right to the custody of the children. This being true, the order awarding their custody to T. W. Dupes, as embodied in the decree from which the appeal was perfected, left in full force and effect the order of March 6th, under which petitioner was awarded control of the children. Since by perfecting the appeal the subject of the litigation was removed from the lower court, it would seem equally clear that the court was without jurisdiction to make the order of July 31st purporting to vacate and annul the order of March 6th, and directing the sheriff to take the children from the mother and deliver them to the father. Our conclusion is that the appeal stayed all proceedings upon the decree and order embraced therein, and removed the case from the trial court, thus depriving

it of jurisdiction to make any order as to the subject matter thereof pending the appeal. Hence neither the findings, decree based thereon, nor the order made after the appeal was taken purporting to vacate the order of March 6th, constitute any ground for respondent's asserted right to the control and custody of said minors. (See *Vosburg* v. *Vosburg*, 137 Cal. 493, [70 Pac. 473], and *Ex parte Queirolo*, 119 Cal. 635, [51 Pac. 956].)

It is also claimed that petitioner is not a fit and proper person to have the care and control of said minors. Specific acts of neglect of the children occurring prior to the trial, and a course of misconduct pursued by petitioner prior thereto, are set forth in the return, to prove which numerous affidavits are presented. These affidavits, however, relate to acts of omission and commission on the part of petitioner, as stated, occurring before the trial of the issues involved in the litigation and therein relied upon to show her unfitness. Pending the appeal, a new proceeding involving the same question cannot be based thereon.

It is ordered that the custody of said Bernard Dupes and Janice Dupes be by T. W. Dupes, the respondent herein, surrendered and restored to petitioner, Eugenia N. Dupes.

Conrey, P. J., and James, J., concurred.