[Civ. No. 2631. First Appellate District, Division One.—January 27, 1919.]

## N. R. HOLCOMB, Respondent, v. MAX JUSTER et al., Appellants.

EXECUTION—LEVY PENDING STAY—MONEY COLLECTED TO BE REPAID.— Moneys collected under an execution issued and levied while an order of the trial court staying execution was in force must be returned to the payers of the same.

APPLICATION for a Writ of Supersedeas to secure the return of money collected under a writ of execution which had been stayed. Money ordered returned.

Herbert Choynski for Appellants.

Arthur W. Perry and Norman E. Eisner for Respondent.

THE COURT.—This is an application for a writ of *supersedeas*. The facts pertinent to the application include the following. The plaintiff sued the defendants as copartners and obtained a judgment. On February 23, 1918, the trial court announced that its judgment was in favor of the plaintiff and against the defendants, and the latter asked and were granted

a stay of execution of ten days from the date of the entry of the judgment. Later the findings were prepared, signed, and filed, and a judgment was filed February 28, 1918. Immediately thereafter an execution was taken out, delivered to the sheriff, and was by him levied on funds of Mendel Topper, one of the defendants. The execution was so levied on a savings bank account of Topper in the Humboldt Savings Bank of San Francisco, and there was so collected $817.75; and it was levied on credits owing by F. W. Woolworth Company, and there was collected from it $155. The record admits that the plaintiff and his attorney will hold and retain said moneys. The defendants did not know of said levy until March 5, 1918. They immediately applied to the trial court for relief, but their motion did not come on for hearing until March 22, 1918. In the meantime, March 13, 1918, the defendants perfected their appeal from the judgment. When the motion came on for hearing it was resisted on the ground that jurisdiction had vested in this court. Said motion was denied April 6, 1918, "for want of jurisdiction," and thereupon this application was made.

It is clear that there was no instant of time when an execution could have legally issued; but, nevertheless, it appears that the writ did issue and that the plaintiff and his attorney hold said money as the fruits of such illegal issue and levy. They cannot retain the same, but must return the money to the payers of the same. (*Romine* v. *Craille*, 83 Cal. 432, [23 Pac. 525].) In the present case the order of the court will be that N. R. Holcomb, the plaintiff, and Arthur W. Perry, his attorney, pay to the defendants within ten days $972.75, with interest thereon at seven per cent per annum from February 28, 1918. It is so ordered.