[S. F. No. 12627.    In Bank.—December 23, 1927.]

KENNETH SHIBLEY, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRAN-CISCO, etc., et al., Respondents.

[1] DIVORCE—ORDER FOR TEMPORARY ALIMONY—CONTEMPT—JURISDIC-TION.—Where the defendant in an action for divorce and his counsel were in court at the time of hearing a motion for temporary alimony, at which time the court directed the entry of an order for a monthly allowance to the plaintiff, but the written order was not filed until three days later, during which time the defendant left the state, the fact that the defendant was out of the state did not affect the jurisdiction of the court to make the order, nor its power to enforce it against the defendant, who had knowledge of its contents and with such knowledge failed or refused to comply with its terms; and service of a copy of the order was not required in order to put the defendant in contempt for a violation of its provisions nor to lay the foundation for the issuance by the trial court of an order to show cause why the defendant should not be cited and punished for such contempt.

[2] ID.—ORDER TO SHOW CAUSE FOR CONTEMPT—SERVICE ON ATTOR-NEY.—In such a case, where the defendant was in contempt for disobedience of the order to pay alimony, the contents of which he had knowledge, and was without the state at the time the court made an order to show cause why he should not be punished for contempt, the court had jurisdiction to order a substituted service of the order upon the attorney of record acting for the defendant in the proceeding.

(1) 13 **C. J.**, p. 18, n. 63, 64.    (2) 13 **C. J.**, p. 71, n. 72.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of the City and County of San Francisco from further steps in a contempt proceeding. Writ dismissed.

The facts are stated in the opinion of the court.

Milton T. U'Ren for Petitioner.

Livingston & Livingston for Respondents.

1.    See 5 Cal. Jur. 916.
2.    See 5 Cal. Jur. 942.

RICHARDS, J.—The petitioner applied for a writ of prohibition whereby he sought to have the respondents, the Superior Court in and for the City and County of San Francisco, and the Judge thereof, required to refrain and desist from further considering the contempt proceeding instituted in said court in an action for separate maintenance pending in said court, wherein the petitioner is the defendant and his wife, Marion Shibley, is the plaintiff. The plaintiff commenced her said action on November 17, 1926. The defendant having appeared therein, the plaintiff, on March 11, 1927, presented a motion for an order allowing her temporary maintenance pending said action. The defendant appeared on said day in response to said motion and testified in his own behalf. At the conclusion of the hearing the court indicated that it would make the order sought; and it did in fact then make an order directing the payment of $250, in addition to other payments which had already been made by the defendant applicable to the month of March, and also ordered the payment of a fixed sum on account of counsel fees and costs. The court continued further hearing as to the definite allowance to be made for the plaintiff's temporary maintenance until March 18, 1927. The foregoing orders were made in court in the presence of the defendant and his counsel. On March 18th the hearing upon said matter was concluded, counsel for both parties being present, at which time the court directed the entry of an order for a monthly allowance to plaintiff of $600 and for an additional allowance of $100 for the month of March. The written order embodying the foregoing allowances was signed and filed on March 21, 1927. In the meantime and on March 14, 1927, the defendant Shibley had left California and gone to Seattle, Washington, where for some years he had been engaged in business, although he had always maintained a home in Berkeley, California, where his family had resided. During the month of April, 1927, under compulsion of a contempt proceeding, the defendant paid the April installment as provided in the foregoing order. Early in May he paid the sum of $250, which was credited on account of the May installment. He also served and filed a motion to reduce the amount of the allowance made by the order of March 21 to the sum of $200 a month, and in support

thereof filed on May 16, 1927, an affidavit, verified by him at Seattle, Washington, on May 12, 1927, wherein he deposed that on March 21, 1927, the judge of said court had made the order of said date, describing with particularity the contents of said order, and asserting his compliance with it for the months of March and April. The defendant's said motion was not prosecuted and was eventually dropped from the calendar. The defendant was in San Francisco during the month of April, leaving that city on April 29th for Seattle, since which time he has not returned to California. The contempt proceeding which he now seeks to have said court restrained from further prosecuting, was instituted by the plaintiff on May 13, 1927. In support thereof the plaintiff filed her affidavit alleging that her temporary maintenance for the month of May had not been paid pursuant to the order of March 21, 1927, and that by reason thereof said defendant was in contempt of said order. She also deposed that said defendant was not within the state of California and that it was therefore impossible to obtain personal service of an order to show cause upon him, and she, therefore, prayed for an order permitting service upon his attorney of record in his place and stead. The court issued its order to show cause and also its order for the service thereof accordingly, making the same returnable on May 20, 1927. On said day said defendant's attorney of record appeared for said defendant, specially to make a motion to quash said order for substituted service, which motion the court denied on June 8, 1927. Thereafter, and on June 13, 1927, the order to show cause was taken under submission by said court. Thereafter and on July 28, 1927, the defendant instituted in this court the present proceeding. The foregoing facts were conceded to be true upon the hearing hereon, at which time the petitioner presented and now urges two main contentions why the permanent writ should issue herein. [1] The first of these contentions is that the defendant being outside of the state of California at the time said order of March 21 was made and never having been served with a copy of said order, he cannot now be held in contempt for a violation of said order; second, that the defendant being outside of the state of California when the order to show cause why he should not be adjudged guilty of contempt issued May 13, 1927,

was made, and that not having been served personally with said order the court has acquired no judisdiction to proceed thereunder; and in that behalf the petitioner urges that the substituted service of said order upon his attorney of record was and is void and that the court obtained no jurisdiction over the person of the petitioner thereby. As to the first of the foregoing grounds for the issuance of a permanent writ herein we find the same to be without merit in view of the undisputed facts showing that the defendant and petitioner herein was present in court when the proceedings of March 13, 1927, which preceded the making of said order on March 21, 1927, were held, and during which the court indicated its intention to make said order. The fact that the defendant left the state of California between said dates did not in any way affect the jurisdiction of the court to make and enter the same; nor did the fact that the defendant was absent from the state of California militate against the power of the court to enforce said order against the defendant having knowledge of the content of said order and with such knowledge failing or refusing to comply with the terms and requirements thereof. That the defendant had such knowledge sufficiently appears from the undisputed record herein, showing not only that he yielded reluctant compliance during the months of March and April with the terms of said order, but that early he sought a modification thereof and accompanied his motion for such modification with his own affidavit wherein he not only referred specifically to the existence of such order, but even undertook to set forth the substance and somewhat of the details thereof. Under such circumstances service of a copy of said order would not be required in order to put the defendant in contempt for a violation of its provisions nor to lay the foundation for the issuance by the trial court of the subsequent order to show cause why the defendant should not be cited and punished for such contempt. (*Golden Gate Min. Co.* v. *Superior Court,* 65 Cal. 187 [3 Pac. 628]; *Romine* v. *Cralle,* 83 Cal. 432 [23 Pac. 525]; *Mitchell* v. *Superior Court,* 163 Cal. 423 [125 Pac. 1061].) The case of *Johnson* v. *Superior Court,* 63 Cal. 578, upon which the petitioner relies in support of his contention in the foregoing regard, is not in point, for the reason that the trial court in that case had never gained that jurisdiction

over the person of the defendant which was a prerequisite to the making of any order having the effect of a personal judgment for the payment of money.' [2]   The petitioner herein being thus in contempt for his disobedience of the order of March 21, 1927, of the contents of which he had knowledge, we are to consider his second contention as to the sufficiency of the service of the order of the trial court, made and entered on May 13, 1927, requiring the defendant to show cause on May 20, 1927, why he should not be punished for his said contempt.   At the time of the making and entry of its said order it was made to appear to the court and the judge thereof that the defendant was absent from the state and was therefore without the reach of a personal service whatever order the court might make in the premises.   It was also made to appear to said court from its own records not only that the defendant has his residence in California, but that he was represented in this very action by an attorney of record who had but recently filed upon his behalf and was then prosecuting a motion to set aside or modify the very order of which said defendant was then in contempt.   These facts having been shown to the trial court it proceeded to add to its said order of May 13, 1927, the provision directing service thereof to be made upon the defendant's attorney of record in due time before the return day thereon.   That the trial court had jurisdiction to make such order for substituted service upon the defendant's then existing and then acting attorney of record in a proceeding for a civil contempt such as this proceeding we entertain no doubt.   The distinction between civil and criminal contempts in the foregoing regard was clearly pointed out by Mr. Chief Justice Myers in the *Matter of In re Morris,* 194 Cal. 63 [227 Pac. 914].   In the early case of *Eureka Lake etc. Co.* v. *Superior Court,* 66 Cal. 311 [5 Pac. 490], it was decided that an order to show cause why a corporation should not be punished for contempt might be served upon the attorney for the corporation when its managing agents were shown to be concealing themselves for the purpose of avoiding such service.   No difference can be discerned between the case of a defendant who, being within the state, by concealment avoids process of this character, and a defendant who, being in contempt and being wilfully without the state, cannot be personally served.

The effect in each case is the same, and hence the power of the court to enforce its lawful orders should be the same. A like ruling was made in the case of *Foley* v. *Foley*, 120 Cal. 33 [65 Am. St. Rep. 147, 52 Pac. 122], upon the authority of the earlier case. We find nothing in the cases relied upon by the petitioner which contravenes this salutary rule as applicable to cases wherein it appears, as it does in this case, that the defendant had full knowledge of the contents of the order which he was charged with having violated, and whose violation was wilful, and who absents himself from the state, and from that point of vantage undertakes by motion and special appearances made through his attorney of record to obstruct the court in the enforcement of its lawful orders in a proceeding still pending before it.

We find no merit in either of the petitioner's contentions herein.

It is, therefore, ordered that his petition for a writ herein be and the same is hereby dismissed.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., Waste, C. J., and Preston, J., concurred.