[Crim. No. 1993. Second Appellate District, Division Two.—September 25, 1930.]

In the Matter of the Application of TERESA BROWNING for a Writ of Habeas Corpus on Behalf of THURLOUGH BROWNING, a Minor.

A. W. Sorenson and Margaret E. Faires for Petitioner.

George L. Browning, *in pro. per.*, for Respondent.

THOMPSON (IRA F.), J.—The petitioner and the respondent were formerly husband and wife, but on June 20, 1928, petitioner was granted an interlocutory decree of divorce from the respondent. Subsequently the plaintiff in that action and the petitioner here asked and obtained a new trial respecting the division of the property and the custody of the minor child of the parties, Thurlough Browning. At the conclusion of this second trial, and on January 24, 1929, the superior court rendered its decision concerning the property and giving the petitioner here the custody of the child, with the exceptions that the respondent was to have the custody of their son every Tuesday and Thursday commencing at 12 o'clock noon and ending at 8 P. M. and every alternate Saturday beginning at noon and until 8 P. M. of the following Sunday, and every alternate "legal bank holiday" from 8 o'clock in the morning until 8 o'clock in the evening and further he was given the

custody during one month of each school vacation period. Furthermore, the court appointed a physician to supervise and care for the health of the child and an oculist to prescribe and give treatment for his eyes. This judgment also confirmed the prior judgment awarding the plaintiff a divorce. On March 26, 1929, the petitioner here appealed to the Supreme Court from all of the latter judgment excepting the portion relating to the interlocutory decree of divorce. Thereafter, the defendant secured and served an order directed to the plaintiff requiring her to appear and show cause why the portion of the judgment relating to the custody of the child should not be modified. This order came on for hearing on May 23, 1929, and the court declined to hear or make any order modifying the decree in this particular ''or concerning custody of minor child because of want of jurisdiction''. On March 4th a hearing on *habeas corpus* on the petition of the respondent here was had before the Superior Court of Los Angeles County, and dismissed for want of jurisdiction, the judge thereof being of the opinion that because that part of the decree respecting the custody of the child was stayed by the appeal, each parent had a right to his custody. Prior to this hearing, and on November 28, 1929, the Supreme Court rendered its opinion denying a motion to dismiss the appeal taken by the petitioner from those portions of the decree already mentioned, and also denied certain other alternative motions the particulars of which it is unnecessary to notice. On May 4, 1930, upon the petition of the respondent, the matter was heard in the juvenile court upon an order to Mrs. Browning to show cause why the child should not be declared a ward of the court. This petition was denied. On July 12th of this year the respondent went to the residence of the petitioner; found the child near the premises; took him and left the state. In response to the petition with which we now deal and a warrant for his arrest, the respondent has produced the child in this court.

Briefly, the contention of the petitioner is this: That the appeal stayed the portion of the decree affecting the custody of the child and that because her son was in her charge at the time the appeal was perfected she is entitled to retain custody of him until the cause is finally determined. The respondent, on the other hand, contends that since the

effect of the appeal is to suspend that portion of the decree each parent is equally entitled to the custody of the child and that this court cannot interfere with his possession of his son through a proceeding in *habeas corpus*. ██ It cannot be denied that the authorities in this state establish the legal proposition that the portion of the decree appealed from, though it relate to the custody of the child, is stayed or superseded by the appeal. (*Browning* v. *Browning,* 208 Cal. 518 [282 Pac. 503]; *Vosburg* v. *Vosburg,* 137 Cal. 493 [70 Pac. 473]; *Ex parte Queirolo,* 119 Cal. 635 [51 Pac. 956].)

It will be observed that the decree appealed from was rendered on January 24, 1929. At and before this time the child was in the custody of its mother and the judgment was to that extent executed. In the case of *De Lemos* v. *Siddall,* 143 Cal. 313 [76 Pac. 1115], it appeared that the parties were divorced by a decree rendered February 23, 1897, and the custody of the minor child given to the mother. On January 12, 1904, the court made an order modifying its former order and gave the son to his father. Thereafter, and prior to the appeal by the mother from this latter order, she delivered the child to her former husband. On a petition by her for the writ of *habeas corpus* the Supreme Court said: ''The modifying order was complied with by petitioner, and it was thus executed before any appeal; and the superior court has done nothing in the premises since. In *Vosburg* v. *Vosburg, supra,* the court, quoting from *Schwarz* v. *Superior Court,* 111 Cal. 113 [43 Pac. 582], says: 'The stay of proceedings pending appeal has the legitimate effect of keeping them in the condition in which they were when the stay of proceedings was granted. It operates so as to prevent any future change in the condition of the parties.' (See *Schwarz* v. *Superior Court, supra; Dulin* v. *Pacific W. & C. Co.,* 98 Cal. 304 [33 Pac. 123].) In the case at bar the superior court had full jurisdiction to make the modifying order, as there was no appeal from the original judgment; and it has made no attempt to enforce the modifying order since the appeal therefrom was taken. And no other reason appearing why the custody of the child by the father is unlawful, or why, on this proceeding, such custody should be taken from him and given to the petitioner, the prayer of the latter must be

denied.'' And in the case of *In re McKean,* 82 Cal. App. 580 [256 Pac. 226, 228], which was a case where by the interlocutory decree the custody of the children was given to the mother, and subsequently by a modifying order given to Mr. and Mrs. Reddy, third parties, and where before the appeal was taken the order was executed by the sheriff taking possession of the children and delivering them to the new custodians, the court came to a similar conclusion. It is there said: ''For the foregoing reasons we reach the conclusion that the Reddys had the lawful custody of the children at the time this writ was issued. This is true because the Reddys had obtained possession of the children by virtue of the execution of the said modifying order before the appeal from it was perfected. Having learned that the modifying order was thus executed before it was filed, petitioner might have asked the trial court to set - aside and withhold the execution of the modifying order until she could have had time to perfect her appeal. In that case, after the appeal had been perfected, no further action of the trial court could have been taken pending the appeal looking to the enforcement of the modifying order. (Code Civ. Proc., sec. 946; *Ex parte Queirolo,* 119 Cal. 635 [51 Pac. 956].) But instead of doing so, she appealed at once. The appeal did not have the effect of undoing what had already been done under the modifying order before the time the appeal was perfected.''

It is evident that the authorities cited effectively dispose of the contention of respondent that he had the right, after failing by legal means, to take the child into his own custody and also set at rest the notion that the son must remain, during the pendency of the appeal, in the category of a human football whose possession by either parent depends upon the agility, activity and determination of each. However, not only do we find that the mother had lawful -custody of the child by virtue of the decree prior to the appeal being taken, but also when we look to the record in the case itself, of which it has .been stipulated we may take cognizance, we find a contract between the petitioner and respondent in this proceeding by which the father surrendered the custody to the mother, reserving to himself only the exceptions noted in the decree. The appeal to the Supreme Court from the decree has been trans-

ferred to this district and by assignment has reached this division. In this situation we would be inclined on account of the contract mentioned and the order of the court which is now superseded, if the same were necessary, to give the custody of the child to the mother, the petitioner here, during the pendency of the appeal, such order to be made in the exercise of the power of this court to protect the subject matter of the order or judgment appealed from during the pendency of such appeal. (3 C. J., sec. 1450; *Tilley* v. *Washburn*, 91 Wis. 105 [64 N. W. 312]; *In re McKean, supra.*)

It is ordered that Thurlough Browning be delivered to Theresa Browning, she to have the custody of him during the pendency of the appeal in the case of *Browning* v. *Browning*, 208 Cal. 518 [282 Pac. 503].

Works, P. J., and Schmidt, J., *pro tem.*, concurred.

A petition for clarification and modification of the order in this proceeding was denied by the District Court of Appeal on September 30, 1930.