[Crim. No. 5317. In Bank. May 13, 1952.]

In re Frances Barr, on behalf of GEORGE BARR, on Habeas Corpus.

26

Coffey & Velasquez and Jack Coffey for Petitioner.

Paolini & Paolini and Mario G. Paolini for Respondent.

TRAYNOR, J.—On November 17, 1947, a final decree of divorce was entered dissolving the marriage of Frances Barr and George Barr. The decree awarded custody of their minor child to Frances. On January 10, 1952, upon application by George, the court modified the decree to award him the custody of the child. On January 14th, Frances filed notice of appeal from the modification order, and her appeal is presently pending in this court. Frances also filed a motion in the trial court to stay enforcement of the modification order.

On January 24th her motion was denied and she was ordered to deliver the child to George. Later that day she complied with this order.

On February 5, 1952, upon application by Frances, the court modified the order of January 10th to grant her visitation rights. On March 16th, while the child was with Frances pursuant to the visitation provisions of the February 5th order, she refused to return the child to George and informed him that she intended to keep the child. Later that day George and police officers entered her home and forcibly took the child. Frances commenced the present habeas corpus proceeding in this court on March 21st. She contends that her appeal stayed the January 10th modification order and that she is therefore entitled to custody of the child pending appeal.

The first question presented is whether this court can properly issue habeas corpus in this case. ■ Supersedeas is the usual remedy when an appellant seeks to vacate proceedings taken in the lower court in violation of a stay granted by statute. (*Southern Pac. Co.* v. *Superior Court,* 167 Cal. 250, 252 [139 P. 69]; *Romine* v. *Cralle,* 83 Cal. 432, 437 [23 P. 525]; *Holcomb* v. *Juster,* 39 Cal.App. 462, 463 [179 P. 445]; see, also, *Estate of Dabney,* 37 Cal.2d 402, 411 [232 P.2d 481].) ■ In child custody actions, however, habeas corpus is an additional remedy to correct violations of stay provisions (*In re Lukasik,* 108 Cal.App.2d 438, 446 [239 P. 2d 492]; *In re Browning,* 108 Cal.App. 503, 507 [291 P. 650]; *In re Dupes,* 31 Cal.App. 698, 701 [161 P. 276]), since the writ will lie when a person entitled to custody of a minor child is denied possession thereof. (*In re Mathews,* 176 Cal. 156, 158 [167 P. 873]; see 37 Cal.L.Rev. 455, 473-474; 13 Cal. Jur. 251-252.)

■ Turning to the merits of the petition, it is clear that the appeal suspended the power of the trial court to enforce the order modifying the custody provisions of the divorce decree. (Code Civ. Proc., §§ 946, 949; *Lerner* v. *Superior Court,* 38 Cal.2d 676, 680 [242 P.2d 321]; *Ex parte Queirolo,* 119 Cal. 635, 636 [51 P. 956]; *In re Dupes,* 31 Cal.App. 698, 700 [161 P. 276].) ■ "[A] perfected appeal in an action for the custody of a child automatically constitutes a stay of proceedings and precludes a trial court from interfering with custody as it existed at the time of appeal." (*Foster* v. *Foster,* 5 Cal.2d 669, 672 [55 P.2d 1175]; see *In re Lukasik,* 108 Cal.App.2d 438, 443 [239 P.2d 492].)

█ George contends that the foregoing cases are not controlling here on the ground that Frances voluntarily complied with the order appealed from. In his return to the petition for the writ, however, George admits: "That on the 24th day of January, 1952, this Petitioner through her attorney representing her at that time made a motion before the said Superior Court to stay and suspend all proceedings and enforcement of its Order of January 10th, 1952, awarding custody to the father; that the Superior Court denied said motion and instead *ordered the Plaintiff to deliver said child to the father in conformity to said Order.*" (Italics added.) Frances telephoned George on the evening of the 24th and told him to come to her house and take the child. Under these circumstances, it cannot be said that her compliance with the order of the court was "voluntary." It was not necessary to resist until she was cited for contempt. (*Cf. Reitano* v. *Yankwich,* 38 Cal.2d 1 [237 P.2d 6].)

George relies on *De Lemos* v. *Siddall,* 143 Cal. 313, 315 [76 P. 1115]. In that case this court held that habeas corpus would not lie when the order appealed from was executed *before* the appeal was perfected, on the ground that an appeal preserved the status quo at the time of appeal and did not operate to undo action taken before the appeal. In the present case the order was executed by the trial court some 10 days after Frances perfected her appeal.

█ Frances's right to habeas corpus is not affected by the February 5th order granting her visitation rights. Since the trial court did not have jurisdiction to modify its order after an appeal had been perfected (*Lerner* v. *Superior Court,* 38 Cal.2d 676, 680-681 [242 P.2d 321]; *Vosburg* v. *Vosburg,* 137 Cal. 493 [70 P. 473]; *Browne* v. *Browne,* 60 Cal. App.2d 637, 642 [141 P.2d 428]), the order of February 5th did not operate to supersede the order of January 10th. Accordingly, Frances is not prevented from obtaining habeas corpus to correct the trial court's erroneous refusal to stay execution of the January 10th order.

█ Cases will undoubtedly arise where it would not be in the best interests of the child to remain for the duration of the appeal with the parent previously having custody. For instance, the very reason for modification of an earlier custody award may be that the parent having custody has been mistreating the child. In that situation it would obviously be undesirable to leave the child with the appellant. But this possibility does not authorize extralegal seizure of

the child by the other parent or execution of the modification order by the trial court in violation of the express provisions of the Code of Civil Procedure. Otherwise, litigants would be encouraged to seize possession of the child pending appeal in the hope that in subsequent habeas corpus proceedings they could persuade an appellate court that their action was in the best interests of the child and that it should ratify their conduct by refusing to issue the writ. As colorfully pointed out in *In re Browning, supra,* 108 Cal.App. 503, 507, the child would be "in the category of a human football whose possession by either parent depends upon the agility, activity and determination of each."

The welfare of a child imperiled by remaining with the parent having custody thereof may be adequately protected by application to the court having jurisdiction over the appeal (*Gantner* v. *Gantner,* 38 Cal.2d 691, 692 [242 P.2d 329]) or to the juvenile court. (*In re Lukasik,* 108 Cal.App.2d 438, 445 [239 P.2d 492].) There is no contention in the present case that the child may not safely remain with the mother pending the appeal.

It is ordered that the child be delivered to the petitioner, who, pending determination of the appeal, is entitled to his custody pursuant to the terms of the final divorce decree.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.