[Civ. No. 21812. Second Dist., Div. Three. Nov. 20, 1956.]

ROBERT M. NEWELL, Respondent, v. GERTRUDE B. NEWELL, Appellant.

[Civ. No. 21813. Second Dist., Div. Three. Nov. 20, 1956.]

GERTRUDE B. RALPHS, Appellant, v. ROBERT M. NEWELL, Respondent.

Glenn A. Lane for Appellant.

Ernest J. Zack for Respondent.

VALLÉE, J.—These are companion cases to *Newell* v. *Newell, ante,* p. 166 [303 P.2d 839], in which we affirmed orders made March 16, 1955, which awarded custody of three minor children to Gertrude B. Ralphs, their mother, for specific periods and required their father, Robert M. Newell, to pay the mother $75 a month for the support of each of them during such periods. The opinion in that case is referred to for further facts. After the father had appealed from the orders affirmed in the companion cases, he

refused to make the payments for the support of the children therein ordered. On September 1, 1955, $1,080 had accrued.

On September 14, 1955, the mother moved the superior court for an order determining the amount accrued and unpaid, and directing the clerk to issue a writ of execution for that amount. The court made the following findings and order in the action brought by the wife to establish the Idaho judgment:

"That on March 16, 1955, the defendant appealed from said Order of March 16, 1955, and that thereupon an automatic statutory stay of said Order was effected by reason of Section 949 of the Code of Civil Procedure; that thereafter the Legislature enacted Section 949 (a) of the Code of Civil Procedure which became effective September 8, 1955; that on September 8, 1955, by reason of the provisions of said Section 949 (a) C.C.P., the automatic statutory stay of proceedings under said Order of March 16, 1955, was dissolved;

"The Court further finds that the plaintiff was not entitled to the physical custody of the children prior to September 8, 1955, by reason of the stay provided by Section 949 of the Code of Civil Procedure, and that the plaintiff had no right for support of said children prior to September 8, 1955; and, that the defendant, Robert M. Newell, is liable to the plaintiff, Gertrude B. Ralphs, for the support of said children as of September 14, 1955, the date of said Motions, for two days' support, to wit, from September 12, 1955, the beginning of the fall school term, until the date of filing of said Motions herein, to wit, September 14, 1955, and that said sum is 2/30ths of $75.00 for each child.

"It Is Therefore Ordered that the amount of accrued and unpaid child support under the Temporary Order pendente lite of March 16, 1955, herein, is 2/30ths of $75.00 for each child of the parties hereto, and that plaintiff's Motion for Writ of Execution for the sums found due from defendant to plaintiff herein is hereby granted; a stay of ten days is hereby granted."

Substantially the same order was made in the divorce action. The mother appeals from both orders.

Section 949a of the Code of Civil Procedure, enacted in 1955, in pertinent part reads:

"An appeal does not stay proceedings as to those provisions of an order or judgment which award, change or otherwise affect the custody, including the right of visitation, of a minor child in any civil action. . . ."

Section 949a went into effect September 7, 1955. (Stat. 1955, ch. 170, p. 639.)

The question is whether the mother is entitled to enforce the orders for support of the children from their date, March 16, 1955, to the effective date of section 949a.

The children were in the custody of the father at the time the orders of March 16, 1955, were made and so remained until the orders appealed from were made. The appeals from the orders of March 16, 1955, suspended the power of the trial court to enforce the order modifying the custody provisions of the interlocutory divorce decree and its power to enforce the order pendente lite in the action to establish the Idaho judgment. (Code Civ. Proc., §§ 946, 949; *Lerner* v. *Superior Court,* 38 Cal.2d 676, 680 [242 P.2d 321] ; 29 So. Cal.L.Rev. 113.)  █ A perfected appeal in a proceeding for custody of a child automatically constituted a stay of proceedings and precluded a trial court from interfering with custody as it existed at the time of appeal. (*In re Barr,* 39 Cal.2d 25, 27 [243 P.2d 787].) The orders of March 16, 1955, did not provide for custody alone or for support alone. They were for custody and support. The support provisions of the orders are not severable from the custody provisions. █ The provision for support of the minor children was impliedly conditioned on the mother having their custody. Since the children remained in the physical custody of the father from March 16, 1955, to the effective date of section 949a, he was under no obligation during that period to make the payments to the mother for support of the minor children required by those orders. The trial court was right in finding that from March 16, 1955, to the effective date of section 949a there was an automatic stay of the orders appealed from in the companion cases.

The orders appealed from are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.