[No. 4,171.]

## WILLIAM EWING v. JOSEPH JACOBS.

EFFECT OF APPEAL FROM MONEY JUDGMENT.—Under the provisions of the Code of Civil Procedure, as it stood in 1873, the perfecting of an appeal from a money judgment, and the filing of an undertaking to stay proceedings, operated merely to stay proceedings on the judgment, but did not release from levy property already seized by the Sheriff, under an execution issued on the judgment before the appeal was effected.

IDEM.—Pending the appeal in such case, it was the duty of the Sheriff to retain possession of the property.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

On the 27th of March, 1873, A. T. Allinder recovered a judgment in the District Court, Solano County, against

Ewing, the plaintiff here, for three hundred and sixty-five dollars and seventy cents and costs. On the 5th day of July, 1873, an execution, issued on said judgment, was placed in the defendant's hands, as Sheriff of Solano county, and by virtue thereof, two days afterwards, he levied on the personal property of the defendant in the judgment. On the 10th day of July, 1873, the defendant in the execution perfected an appeal to the Supreme Court, and filed an undertaking, to stay proceedings. The certificate of the Clerk that such appeal had been taken, and such stay bond filed, was then served on the Sheriff, but he still continued to hold possession of the property. The plaintiff then demanded possession of the property, but the Sheriff refused to surrender it. This action was commenced on the 13th day of September, 1873, to recover possession of the property, and damages for the detention thereof. The Court below rendered judgment in favor of the defendant and the plaintiff appealed.

*William .Ewing,* for the Appellant.

In the sentence "all further proceedings are stayed," (in Sec. 946 of the Code of Civil Proc.,) does the word "proceedings" apply any more to a levy, a sale, or the issuance of execution than to the retention of property pending appeal, perhaps for years, and at a cost which must, of course, consume the property? The authorities to support the proposition, that the Sheriff should have released the property in this case, are very pointed. It is laid down, in Crocker on Sheriffs, on the other hand (as cited by the Honorable District Judge in his decision), that the Sheriff in such cases should retain the property. This is said by Mr. Crocker without a word by way of reason for the rule or apparently realizing what the consequences of such a rule would lead to. (Edward's Treatise on the Laws of New York, 4 ed. p. 147; 12 Wend. 584.)

*Wells & Coghlan,* for the Respondent.

The effect of the appeal, as declared by section nine hundred and forty-six of the Code, was only to stay (not

supersede) further proceedings. (Crocker on Sheriff, Sec. 35; 13 B. Munroe, 51; 8 Id. 411.)

By the Court, NILES, J:

Under the provisions of section nine hundred and forty-six of the Code of Civil Procedure, as it stood when this action was brought, the perfecting of the appeal in the case of *Allinder* v. *Ewing*, operated merely to stay all further proceedings upon the judgment, but did not release from levy the property already seized under execution. The lien acquired by the levy was not superseded by the giving of the undertaking on appeal, but was suspended until the decision of the Appellate Court; and in the interval it was the duty of the Sheriff to retain possession of the property. (Crocker on Sheriff, Sec. 35.)

Judgment affirmed.

Neither Mr. Justice RHODES nor Mr. Justice McKINSTRY expressed an opinion.