[Crim. No. 1132.   In Bank.—May 19, 1904.]

Application of JULIA K. DE LEMOS for Writ of Habeas Corpus on behalf of HORACE SIDNEY SIDDALL.

DIVORCE—CUSTODY OF CHILD—POWER OF COURT TO MODIFY DECREE.— Notwithstanding the award of the custody of a child to the mother in a decree of divorce granted to her, the court has power at any time thereafter, upon a sufficient showing, to modify the decree by awarding the custody of the child to the father.

ID.—DELIVERY UP OF CHILD—SUBSEQUENT APPEAL—STAY-BOND—HABEAS CORPUS.—Where, after modification of the decree, the mother delivered up the custody of the child to the father, a subsequent stay-bond on appeal from the modifying order was ineffectual. The mother is not entitled to the return of the child pending such appeal, and it will not be awarded to her upon habeas corpus.

APPLICATION for Writ of Habeas Corpus against Thomas Andrew Siddall, of the County of San Mateo.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

M. Shepardson, Miller & Shepardson, and L. E. McLellan, for Respondent.

McFARLAND, J.—This proceeding was. instituted by a petition by Julia K. de Lemos for writ of *habeas corpus* in which she avers that her infant son, Horace S. Siddall, seven years of age, is unlawfully restrained of his liberty by his father, Thomas Andrew Siddall, who was formerly petitioner's husband, and prays that said infant be discharged from the alleged unlawful restraint of said Thomas Andrew Siddall and delivered over to the custody of the petitioner.

It appears that petitioner was divorced from said Thomas Andrew Siddall by a judgment rendered on the twenty-third day of February, 1897; and that by said judgment the custody of said infant son of the parties, who was then about one year old, was awarded to the petitioner herein. There was no appeal from said judgment. The petitioner was afterwards married to Manuel de Lemos. Afterwards the said Thomas Andrew Siddall filed a petition in the superior court in which said judgment had been rendered, asking that the judgment be modified so as to give him the custody of said infant son, and after due service of process the petition came regularly to be heard on January 12, 1904. The father alleged in his petition certain improper conduct by the mother not necessary to be here stated. After the hearing, and at about 11:30 o'clock A. M. of that day, the court declared its intention to modify the judgment as prayed for; but, at the request of petitioner's attorney, who announced his intention to appeal from the contemplated order, the court postponed the entry of the modifying order until one o'clock P. M. of said day. At the last-named hour the court made, and there was then entered, an order modifying the former judgment by depriving petitioner of the custody of said child, and giving the same to the said father, Siddall, and directing the petitioner to deliver said child to the said father. The order recited that the facts averred in the petition for modification were true, and that petitioner was not a fit or proper person to have the custody of said child. Thereupon the petitioner delivered the child to the father, and the parties went away. The father has since had the custody of the child. It is averred in the petition for the writ that "Thereafter your petitioner took an appeal from the said order modifying the said decree in respect to the custody and care of said minor child to the supreme court of the state of California," and

"furnished and filed the undertaking prescribed by section 941 of the Code of Civil Procedure of said state."

Upon this state of facts alone petitioner bases her prayer to this court, in this proceeding, to order the said father to deliver to her the custody of said child. There is no averment or evidence that the petitioner is not an improper person to have the custody of the child, or that the father is not a proper person to have such custody, or that the safety or best interests of the child require the change of custody prayed for; nor is there averment or evidence of any other state of facts which might possibly warrant a court on *habeas corpus* to take the custody of a minor from one person and give it to another. Petitioner relies solely upon the proposition that she has appealed from the order in question, and has given an undertaking on appeal which is, in law, a stay-bond. But such a bond merely "stays proceedings in the court below upon the judgment or order appealed from" (Code Civ. Proc., sec. 949); and the court below is not taking any proceeding on the order appealed from. Petitioner relies greatly on *Ex parte Queirolo,* 119 Cal. 635; but that case is not applicable here. There the petition on *habeas corpus* was by the mother, on her own behalf,—she having been imprisoned for contempt for disobeying an order directing her to deliver certain of her children to their father. In that case the original judgment awarded the custody of the children to the mother, and an order had afterwards been made modifying the judgment by giving such custody to the father. From this modifying order the mother had appealed, and after the appeal had been perfected and was pending, the court made an order directing her to deliver the children to the father, and sent her to jail for not obeying. But the court held—and beyond question correctly—that after the appeal had been taken the court had no power to take any further proceeding to enforce the order appealed from,—the court saying that "The effect of the appeal in instances of this character is to . . . suspend the power of that court to enforce its order or judgment until the appeal is determined," and that "this being so, the coercive measures adopted by the superior court in this instance to enforce its decree were in excess of its power, and simply void, and the imprisonment of petitioner in pursuance thereof is without authority of

law.'' . Nothing more than this was decided in *Vosburg* v. *Vosburg*, 137 Cal. 493. But in the case at bar no order was made, and no proceeding attempted, to enforce the modification of the judgment after the appeal. The modifying order was complied with by petitioner, and it was thus executed before any appeal; and the superior court had done nothing in the premises since. In *Vosburg* v. *Vosburg*, 137 Cal. 493, the court, quoting from *Schwarz* v. *Superior Court*, 111 Cal. 113, says: ''The stay of proceedings pending appeal has the legitimate effect of keeping them in the condition in which they were when the stay of proceedings was granted. It operates so as to prevent any future change in the condition of the parties.'' (See *Schwarz* v. *Superior Court*, 111 Cal. 113; *Dulin* v. *Pacific W. and C. Co.*, 98 Cal. 304.) In the case at bar the superior court had full jurisdiction to make the modifying order, as there was no appeal from the original judgment; and it has made no attempt to enforce the modifying order since the appeal therefrom was taken. And no other reason appearing why the custody of the child by the father is unlawful, or why, on this present proceeding, such custody should be taken from him and given to petitioner, the prayer of the latter must be denied.

Both parties have filed some affidavits, but they are not material, and do not put any phase on the case different from that above presented.

The prayer of the petition is denied and the writ discharged.

Shaw, J., Angellotti, J., Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.