[Crim. No. 1375. First Appellate District, Division Two.—April 28, 1927.]

In the Matter of the Application of CATHERINE J. McKEAN for a Writ of Habeas Corpus.

[1] ORDERS—EFFECT OF—ENTRY IN MINUTES NOT ESSENTIAL.—Section 664 of the Code of Civil Procedure refers to judgments and not to orders, and there is no provision in either the constitution or the statutes requiring that all orders of court be entered at length in the minutes in order to be effective.

[2] DIVORCE—ORDER CONCERNING CUSTODY OF MINORS—FILING WITH CLERK—ENTRY.—In a divorce action, the trial court has the power, under section 138 of the Civil Code, to incorporate in an interlocutory judgment of divorce, entered under section 131 of the Civil Code, an order concerning the custody and maintenance of minors and subsequently to modify such order, and section 664 of the Code of Civil Procedure does not require the original order, or such modifying order, to be filed or entered before it becomes effective as an order regarding the custody of minors.

[3] ID.—MODIFICATION OF ORDER—REMEDIES—APPEAL.—In such action, if the trial court neglected to stay its order concerning the custody of the minor children, or if for any reason the wife was dissatisfied with the modifying order and desired to appeal therefrom, her remedy was to appear in the trial court and ask that service of the order be set aside and that all matters remain *in statu quo* until she could perfect her appeal.

[4] ID. — CUSTODY OF MINORS — FITNESS OF PARENTS — FINDINGS — HABEAS CORPUS.—An order modifying an order as to the custody of minor children of divorced parents by awarding temporary custody to others cannot be attacked in a *habeas corpus* proceed-

---

1. See 18 Cal. Jur. 663.
2. See 9 Cal. Jur. 786, 796.
4. See 13 Cal. Jur. 251, 252.

ing by the mother, on the ground that the order did not contain a finding that the parents were not fit and proper persons to have the custody of the children.

[5] Id. — Appeal from Modifying Order — Stay of Proceedings — Habeas Corpus.—Persons obtaining custody of the minor children of divorced parents by the execution of an order modifying the original order as to their custody before appeal from such modifying order was perfected by the mother, who failed to ask the .court to set aside and withhold execution of such order until the appeal was perfected, had the lawful custody of the children when a writ of *habeas corpus* was issued at her instance, the effect of the appeal merely being to stay further proceedings in the court below under section 946 of the Code of Civil Procedure.

(1) 42 C. J., p. 533, n. 91.   (2) 19 C. J., p. 353, n. 77.   (3) 19 C. J., p. 361, n. 40.   (4) 29 C. J., p. 113, n. 56.   (5) 3 C. J., p. 1323, n. 80; 29 C. J., p. 114, n. 70.

APPLICATION for a Writ of Habeas Corpus by a divorced wife to secure the custody of her minor children. Writ discharged.

The facts are stated in the opinion of the court.

Edwin H. Williams for Petitioner.

James F. Brennan, Jerome Bayer and John H. Thomsen for Respondents.

STURTEVANT, J.—The petitioner, as the mother of three minor children, has applied for a writ of *habeas corpus*. In her petition she alleges that formerly she and C. J. McKean were husband and wife; that there were born as the issue of the marriage the three minor children above mentioned; that on the seventh day of May, 1926, the petitioner commenced an action for divorce; that the husband was duly served with summons and complaint, but that he did not appear and that his default was entered; that thereafter the divorce action came on for trial and an interlocutory decree was· entered on the twentieth day of May, 1926; that the interlocutory decree was in the ordinary form and recited that the divorce was granted on the ground of the defend-

5.   See 2 Cal. Jur. 469; 9 Cal. Jur. 799.

ant's extreme cruelty and it also contained an order awarding the custody of the minors to the mother and granting her $100 per month for the care, support, maintenance, and education of the children; that thereafter, on the twenty-seventh day of July, 1926, C. J. McKean appeared in the divorce action and applied for a modification of the decree, and among other things asked that he be awarded the custody of the minors and that the order contained in the interlocutory decree granting the custody of the minors to the mother and granting her maintenance be stricken out of the decree; that the application so made by C. J. McKean came on for hearing and a hearing was duly had and the application was submitted; that on the twenty-seventh day of November, 1926, the petitioner's attorney wrote to the trial judge a letter stating that if the ruling made on the husband's application should be granted that the wife intended to promptly appeal and requested a reasonable stay that the appeal might be perfected; that on the twenty-ninth day of November, 1926, the petitioner's attorney appeared in open court and repeated his request for a stay of execution for the period of forty-eight hours and the trial judge stated that said stay of proceedings would be granted; that in the afternoon of November 29, 1926, the trial judge made an order modifying the order contained in the interlocutory decree, which modifying order revoked the order theretofore made awarding the custody of the minors to the mother and granting her maintenance in the sum of $100 and in lieu of such order a new order was made by the terms of which the custody of said minor children was awarded for the period of six months to William E. Reddy and Mary E. Reddy his wife, and $75 per month was set as the cost of the care and maintenance of said minors; that said modifying order further provided that the petitioner should forthwith deliver the children to the sheriff of the city and county of San Francisco to be by him delivered to the Reddys; that said modifying order contained no recital to the effect that the parents or either of them were unfit or improper persons to have the custody of said minors; that during the morning of November 30, 1926, the said sheriff executed said modifying order by taking the possession of the minor children and delivering them into the custody of the Reddys and that said children have since said day been in the custody and control

of the Reddys; that the first notice the petitioner or her attorney had of the making of the said modifying order was when the sheriff appeared for the purpose of executing said order; and that the said modifying order was neither filed nor entered by the clerk until the morning of December 1, 1926, after it had been so served as above mentioned, and at that time that the wife promptly appealed from said order. Thereupon the petitioner prays that the custody of said minors be restored to her pending her appeal. The petition was presented to one of the justices of this court on December 7, 1926, and said justice directed that a writ issue made returnable before the court on January 10, 1927, at 10 A. M., "and in the meantime let the three children named in the petition be returned to the custody of the petitioner." A return has been filed by the terms of which it is recited that under the order dated November 30, 1926, the Reddys received the custody of the minors and retained such custody until the —— day of December, 1926, when they were served with the said order so made by one of the justices of this court and that thereupon, to wit, the —— day of December, 1926, they delivered the custody of said minors to the petitioner.

[1] The petitioner claims that the modifying order was ineffectual for any purpose until it had been filed and entered. (Code Civ. Proc., sec. 664.) That section does not refer to orders, but refers to judgments. There is no provision either in the constitution or the statutes which requires *all orders* of a court to be entered at length in its minutes in order that they may be effective. (*Von Schmidt* v. *Widber,* 99 Cal. 511, 514 [34 Pac. 109]; 18 Cal. Jur. 663, sec. 16.) [2] When the trial court was disposing of the divorce action it had the power to enter an interlocutory *judgment* of divorce. (Civ. Code, sec. 131.) It also had power to make an *order* concerning the custody and maintenance of the minors. (Civ. Code, sec. 138.) The fact that it incorporated the *order* in its interlocutory judgment did not convert the thing which the statute denominates an *order* into a *judgment*. Therefore the trial court had authority, and in a proper case it was its duty, to modify or vacate the same. (Civ. Code, sec. 138.) The action taken by the trial court in modifying the original *order,* under the same line of reasoning, was an *order* and not a *judgment*. No statute requires that such an original order, or that such a modifying

*order,* shall be filed or entered before it becomes effective
as an order regarding the custody of minors. It follows that
there was no invalidity in the act of executing the *modifying
order* before it had been filed or entered. [3] If the trial
court neglected to stay its order, or if for any reason the
wife was dissatisfied with the modifying order and desired to
appeal therefrom, her clear remedy was to appear in the trial
court and make her representation to the trial court and ask
that the service of the order should be set aside and that
all matters should remain *in statu quo* until she could per-
fect her appeal.

[4] The petitioner further claims that the order was
defective because it did not contain a finding that the
parents were not fit and proper persons to have the custody
of the minors. That attack may not properly be made in a
*habeas corpus* proceeding. (*In re Lundberg,* 143 Cal. 402,
411 [77 Pac. 156].)

[5] For the foregoing reasons we reach the conclusion
that the Reddys had the lawful custody of the children at
the time this writ was issued. This is true because the
Reddys had obtained possession of the children by virtue
of the execution of the said modifying order before the
appeal from it was perfected. Having learned that the
modifying order was thus executed before it was filed, peti-
tioner might have asked the trial court to set aside and with-
hold the execution of the modifying order until she could
have had time to perfect her appeal. In that case, after the
appeal had been perfected, no further action of the trial
court could have been taken pending the appeal looking
to the enforcement of the modifying order. (Code Civ.
Proc., sec. 946; *Ex parte Queirolo,* 119 Cal. 635 [51 Pac.
956].) But instead of doing so, she appealed at once. The
appeal did not have the effect of undoing what had already
been done under the modifying order before the time the
appeal was perfected. (*Ewing* v. *Jacobs,* 49 Cal. 72; *Thal-
heim* v. *Camp Phosphate Co.,* 48 Fla. 190 [5 Ann. Cas. 784,
37 South. 523]; *Grayson* v. *Harris,* 102 Miss. 57 [Ann. Cas.
1914C, 1219, 1223, 58 South. 775, 59 South. 1].) We have
been referred to no provisions of law, and know of none,
stating that an appeal from an order has any further or
additional effect upon the force of the order appealed from
than is provided in Code of Civil Procedure, section 946,

where it is said, "it stays all further proceedings in the court below."

The argument suggests itself that the modifying order is a continuing one and that for this court to leave the children in the custody of the Reddys now after the appeal from the order has been perfected is substantially and in effect a continuing execution or "further proceeding" within the meaning of that term as used in Code of Civil Procedure, section 946. But upon this point we are unable to distinguish the facts in this case from the ruling referred to by respondent in *De Lemos* v. *Siddall*, 143 Cal. 313 [76 Pac. 1115]. There the mother of the child delivered it into the possession of its father in open court immediately upon the pronouncement by the court of a modifying order giving its custody to the father. Shortly afterward she perfected an appeal from the order. On appeal it was her contention that the effect of her appeal was to set at naught the order appealed from pending the appeal, but the supreme court held that the order had been "executed" and that the effect of the appeal was not to undo what had already been done, but that it merely held matters in the same condition as they existed at the time the appeal was perfected.

There is authority to the effect that petitioner might apply to the court having jurisdiction of the appeal for an appropriate order fixing the custody of the children pending the appeal. (3 C. J. 1323, sec. 1450; *Stricker* v. *Wakeman*, 13 Abb. Pr. (N. Y.) 85; *Burr* v. *Burr*, 10 Paige (N. Y.), 166, 169; *Tilley* v. *Washburn*, 91 Wis. 105 [64 N. W. 312].) This is a question, however, that should not be decided by this court, but by the court having jurisdiction of the appeal.

This writ was issued by one of the justices of this court, and at the time of issuing the same he made an order directing the custody of the children to be in the mother, petitioner, pending the judgment upon this writ. This order was made under the authority of Penal Code, section 1494. The terms of that section permit such an order to be made "until judgment is given on the return."

The judgment of this court upon the return of the writ is that the Reddys are entitled to the custody of the children not by force of the order of this court, but by force of the modifying order made by the trial court. The effect of giving this judgment upon this writ is to terminate the force

and effect of the temporary order made at the time the writ was issued, and it is therefore ordered that the children be restored to the possession of the Reddys and that the writ be discharged.

Koford, P. J., concurred.