[Civ. No. 6526. Second Appellate District, Division One.—May 23, 1929.]

MABEL A. RITTER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Brooks Gifford and William E. Fox for Petitioner.

James R. Jaffray and John T. Houser for Respondent.

YORK, J.—An affidavit was filed setting forth certain matters alleged to have occurred since the twentieth day of June, 1928, and since entry of an interlocutory decree of divorce, in which interlocutory decree the custody of three minor children had been fixed and determined. It appears that the trial court issued an order directing the plaintiff and petitioner herein to show cause why the custody of said minors should not be changed, and that that hearing is now pending in the Superior Court and is the matter toward which the writ is directed.

The trial court made an order as to the custody of the children first on May 23, 1928, and thereafter, on the thirtieth day of June, 1928, an interlocutory decree of divorce was entered in said action, which decree in terms recited the same conditions as to the custody of the children as the

order of May 23, 1928. That thereafter the defendant filed notice of appeal from said interlocutory decree and from the whole thereof, on September 19, 1928.

The contention between the parties upon this hearing is as to whether or not said notice of appeal stays the hands of the trial court in said action, the respondent court contending that there is no appeal from the order made and entered on the twenty-third day of May, 1928, and that that order is still in full force and effect and subject to modification by the trial court.

We are of the opinion that by reason of the fact that the interlocutory decree contained an order as to the care, custody and control of the children, and as the appeal from that judgment has been perfected, during the pendency of the appeal the trial court may not act in said matter. If there be any change of conditions, which for the welfare of the children requires a change of custody pending appeal, such change of custody (while the appeal is pending) will have to be made through either the juvenile court or by some other and separate proceeding other than the divorce action between the parties. (*Vosburg* v. *Vosburg*, 137 Cal. 493 [70 Pac. 473] ; *Ex parte Queirolo*, 119 Cal. 635 [51 Pac. 956] ) : " . . . the effect of the appeal in instances of this character is to remove the subject matter of the adjudication from the jurisdiction of the court below pending the appeal, and suspend the power of that court to enforce its order or judgment until the appeal is determined."

It is therefore ordered that the alternative writ be made peremptory.

Conrey, P. J., and Houser, J., concurred.