[Civil No. 2992. Filed December 15, 1930.]

[294 Pac. 837.]

ERNESTYNE GOTTHELF, Petitioner, v. FRED W. FICKETT, as Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent.

For opinion on rehearing, see *infra*, p. 413, 294 Pac. 837.

Messrs. Conner & Jones and Messrs. Richey & Richey, for Petitioner.

Mr. John B. Wright and Mr. William R. Misbaugh, for Respondent.

Mr. George R. Darnell, *Amicus Curiae.*

LOCKWOOD, C. J.—Ernestyne E. Gotthelf, whom we shall hereinafter call petitioner, brought suit for divorce in the superior court of Pima county against Edward J. Gotthelf, hereinafter called defendant. On the nineteenth day of July, 1929, a judgment was rendered in said action dissolving the bonds of matrimony between her and defendant, awarding her the custody and control of the minor child of the parties, and providing for a payment by defendant of the sum of $250 per month maintenance for herself and the child.

On May 29th, 1930, defendant petitioned for a modification of the judgment aforesaid, and on May 31st, after a hearing at which petitioner was present, the

court entered an order modifying the judgment as follows:

"That the original decree of divorce, maintenance and support and custody of the child heretofore entered herein be, and the same shall remain in full force and effect, save and except that the infant child of the parties hereto, to-wit:

"Edward J. Gotthelf III, be taken away from the plaintiff and that said child be placed in the St. Joseph Orphanage situate in or near the City of Tucson, Arizona, which is a fit and proper place for his care and custody, and until the further order of this court and at the expense of the defendant, it being the desire of this court that the said child remain in said St. Joseph's Orphanage only until a suitable private home is found which meets the approval of this court, with the permission of the plaintiff and defendant to visit said child at all reasonable times and that the maintenance and support money provided for in said decree be modified as follows:

"That the defendant pay to the plaintiff on the 20th day of June, July and August, 1930, the sum of One Hundred Seventy-five ($175.00) dollars for each of said months, and that on the 20th day of each and every month thereafter until the further order of this court, the sum of Fifty ($50.00) Dollars per month.

"It is further ordered, adjudged and decreed that no further expense money or attorneys' fees be allowed the plaintiff herein."

Within the next few days petitioner delivered the child to St. Joseph's Orphanage, where it was at the time this action was initiated.

On June 7th, the motion of petitioner herein for a new trial of the application for modification granted as aforesaid was denied, and on June 10th petitioner filed her notice of appeal from said order modifying the judgment. On June 14th she applied to Fred W. Fickett, hereinafter called respondent, who was and is the duly qualified and acting judge of the superior court of Pima county, to fix the amount of a *supersedeas* bond on said appeal, which amount

was fixed by him in the sum of $4,500. On July 1st she presented her bond in the amount so fixed by respondent, with a properly qualified surety thereon, and requested the approval of the bond. This respondent refused to do. Thereafter petitioner applied to this court for an original writ of *mandamus* ordering respondent to approve the *supersedeas* bond aforesaid and the matter is before us upon that issue.

The precise legal question for us to consider is whether it was the ministerial duty of the respondent to approve the *supersedeas* bond in question, it being admitted that it was in the amount fixed by him, with the condition of the bond in the exact language of the statute, and with a good and sufficient surety thereon. It is urged by respondent, first, that the order in question is not appealable; and, second, that under the facts of this case and the law applicable thereto a *supersedeas* bond would have no effect, even though it were in statutory form, and that he is not required to do a vain thing. His conclusion is correct if his premise is true, so we must determine whether the order is appealable, and, if so, what, if any, effect such bond would have.

Appeals and bonds upon appeal are statutory in their nature, and are governed by the provisions of such statutes. We are of the opinion the order in question is an appealable one under section 3659, subdivisions 2 and 6, Revised Code 1928. 19 C. J. 360, and note. Sections 3669 and 3670, Revised Code 1928, govern *supersedeas* bonds in actions of this nature. They read as follows:

"3669. *Supersedeas in Other Actions.* When the appeal is from a judgment other than those specified in the preceding section, or from any reviewable order and *the appellant desires to suspend the execution of such judgment or order, or stay proceedings thereon,* the court from whose judgment or order the appeal is taken, or the judge of such court, shall, on appli-

cation of the party appealing, fix the amount of the bond to be given, and the appellant shall execute a bond in the amount so fixed, conditioned that the appellant will pay to the opposite party all damages which such party may sustain *by the suspension of such order or such* stay of proceedings, which bond shall be approved by the judge of the superior court and filed with the clerk of that court.

"3670. *Effect of Supersedeas.* Upon filing the bond mentioned in either of the two preceding sections, and the approval thereof by the judge of the superior court, *the execution of the judgment or the order appealed from, and all further proceedings thereon shall be stayed,* and should execution have been issued thereon the clerk shall forthwith give notice to the sheriff recalling such execution, and no further proceedings shall be had thereon." (Italics ours.)

It is apparent, upon examining section 3669, *supra,* that there is a seeming conflict in its terms. The phrase therein, "the appellant desires to suspend the execution of such judgment or order, or stay proceedings thereon," it is urged by petitioner, is governed by the later clause, "conditioned that the appellant will pay to the opposite party all damages which such party may sustain by the suspension of such order or such stay of proceedings," and she claims that, since the condition of the bond refers to the suspension of the order itself, and not alone to a stay of the proceedings, its effect is retroactive, and restores the situation to what it was before the order superseding it was made, undoing everything which has already been done by virtue of such order.

Respondent, on the other hand, urges that whatever ambiguity there might be under the terms of section 3669, *supra,* is resolved by section 3670, which expressly states the effect of the *supersedeas* to be that "the execution of the judgment or the order appealed from, and all further proceedings thereon shall be stayed," and that the effect of the bond is

merely to preserve the status existing at the time of its filing, and that all things done by virtue of the order appealed from before such filing remain of full validity and effect.

This court has considered the general object and effect of a *supersedeas* bond in the case of *Colvin* v. *Weigold,* 31 Ariz. 370, 253 Pac. 633, 635, wherein we state as follows:

"The object and effect of a *supersedeas,* as stated in *Runyon* v. *Bennett,* 4 Dana (Ky.) 598, 29 Am. Dec. 431, are:

" 'To stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from' the beginning, but only suspends them after and while it is itself effectual.'

"In 3 C. J. 1323, § 1450, it is said:

" 'In some jurisdictions the execution is superseded and the levy discharged, but the prevailing rule is that the *supersedeas,* since it does not annul or undo what has already been done, does not discharge the previous levy or the lien thereby acquired, but merely suspends further proceedings under the same. Of course, if the execution has not been levied, it is entirely superseded; and on the other hand, if the judgment has been completely executed by levy and sale, there is nothing upon which a *supersedeas* can operate, and it will be ineffectual.' "

We are of the opinion the effect of the language in the condition of the bond as set forth in section 3669, *supra,* is determined by the express terms of section 3670, and that a *supersedeas* bond has no retroactive effect, but is for the purpose only of preserving the *status quo,* and that it does not undo or render invalid any act already done in pursuance of the order superseded. We have never considered its effect in a case involving circumstances similar to that of the case at bar, but such situations have arisen frequently in other jurisdictions, and both parties have cited to us cases which they claim are in

point. We are of the opinion that the general principle which controls is well set forth in the cases of *De Lemos* v. *Siddall,* 143 Cal. 313, 76 Pac. 1115, and *In re McKean,* 82 Cal. App. 580, 256 Pac. 226.

In each of the two cases just cited there was an order modifying a previously granted decree of divorce by changing the custody of the children. After such custody had actually been changed, an appeal was taken, and a *supersedeas* bond was secured, and, upon *habeas corpus,* in an attempt to remove the children from the custody in which the modifying order placed them, the Supreme Court of California held that the purpose of a *supersedeas* bond was to preserve the *status quo;* that the children had been placed in the custody in which they then were before the *supersedeas* took effect, and the bond would not have the effect of restoring the *status quo ante,* so that they could be removed to the custody in which they were before the making of the modifying order. We think the cases cited are sound in reason and authority.

Counsel for petitioner has urged upon us the cases of *Vosburg* v. *Vosburg,* 137 Cal. 493, 70 Pac. 473, *Ex parte Dupes,* 31 Cal. App. .698, 161 Pac. 276, *Ex parte Queriolo,* 119 Cal. 635, 51 Pac. 956, and *Ritter* v. *Superior Court,* 99 Cal. App. 121, 278 Pac. 240.

We find nothing in these cases in conflict with the doctrines of the De Lemos and McKean cases. In the instances cited by petitioner, the custody of the children had not been actually changed until after the appeal was taken and the *supersedeas* bond filed. Were such the situation in the present matter, we would have no hesitation in following those cases, but, since it appears that petitioner had complied with the order of the court by transferring the physical custody of the child in accordance with such order before giving notice of appeal or attempting to file any *supersedeas* bond, she is not in a position by

giving of such bond to set aside the part of the order already executed pending the appeal. It would therefore have been a futile proceeding to give a *supersedeas* bond for the sole purpose of taking the custody of the child from St. Joseph's Orphanage and restoring it to petitioner.

The second part of the order appealed from was one modifying the previous award of alimony and awarding a different alimony from that fixed in the original decree. Section 2194, Revised Code 1928, expressly provides that an order directing the payment of money for the support or maintenance of the wife or minor child or children shall not be superseded or the execution thereof stayed pending an appeal. A *supersedeas* bond would therefore be equally futile to suspend that part of the order.

It would, however, have the effect of suspending the power of the court to remove the child from the St. Joseph's Orphanage by an order made *in this case* until the appeal taken by petitioner has been determined. *Ex parte Queriolo, supra; Vosburg* v. *Vosburg, supra.* If it should appear the best interests of the child later require a different disposition, the cases of *Ritter* v. *Superior Court, supra,* and *Casebolt* v. *Casebolt,* 170 Ky. 88, 185 S. W. 510, indicate the proper procedure.

While, therefore, a *supersedeas* bond would not have the effect contended for by petitioner it would not be an entirely useless and futile matter, as claimed by respondent.

It is therefore ordered that the alternative writ of *mandamus* heretofore issued be made permanent, and that respondent approve of the bond submitted to him, it being admitted that the condition of the bond is in the language of the statute, the amount is as fixed by him, and the surety thereon is sufficient.

McALISTER and ROSS, JJ., concur.