RUTH E. MURPHY, APPELLANT, *v.* LAWRENCE E. MURPHY, RESPONDENT.

No. 3505

September 22, 1947.                184 P.2d 1004.

482

*John S. Sinai,* of Reno, for Appellant.

*J. T. Rutherford* and *R. K. Wittenberg,* both of Reno, for Respondent.

## OPINION

By the Court, EATHER, C. J.:

Appellant, plaintiff in the lower court, has appealed to this court from a judgment and order entered in the Second judicial district court of the state of Nevada, in and for the county of Washoe, on the 10th day of July, 1947, as amended on the 18th day of July, 1947, modifying the judgment and decree of divorce heretofore entered in favor of plaintiff on the 9th day of September, 1946, in respect to the custody of the two minor children of the parties, and also from the order denying plaintiff's motion for a new trial made and entered in the minutes of said trial court on the 4th day of August, 1947. The parties will be referred to as they appeared in the court below.

The custody of said children was awarded to the plaintiff when the decree of divorce was granted, and subsequently thereto, and on the hearing of defendant's motion to modify the said judgment and decree, the children were awarded to the defendant.

One minor child of the parties, aged 8 years, is living with the plaintiff at her home in Reno, Nevada, and the other minor child aged about 12 years is living with her

father in Cincinnatti, Ohio. Under the modification the child living with the plaintiff in Reno, Nevada, was to be delivered by plaintiff to the defendant in Cincinnatti, Ohio, on or before the 20th day of August, 1947, and at the time plaintiff perfected her appeal to this court, the said child was and now is in her custody at her home in Reno, Nevada.

On the 29th day of August, 1947, defendant filed a motion in this court wherein he requests this court to make and enter an order directing and requiring plaintiff to deliver the custody of said minor child to defendant in accordance with the judgment and order of the trial court and pending the determination of plaintiff's appeal.

There appear to be two questions involved:

(1) Should the motion presented by defendant be entertained when the effect thereof, if granted, would be to allow the motion to usurp the functions of an orderly appeal and determine the same issues which are to be determined on the merits on plaintiff's appeal from the judgment and order modifying the judgment and decree of the trial court in respect to custody?

(2) Should this court entertain the motion by defendant when no evidence has been submitted in support of the motion to indicate that such a state of facts exists that the granting of the motion is necessary for the protection of the child now in custody of plaintiff, pending the appeal?

Section 9385.75 N.C.L. vol. 2, Supp. provides: "In cases not provided for in sections 17, 19, 20, 21 or 24 of this act, the perfecting of an appeal by giving the undertaking, and the justification of the sureties thereon, if required, or making the deposit mentioned in section 16, shall stay proceedings in the court below upon the judgment or order appealed from, except that where it directs the sale of perishable property the court below may order the property to be sold, and the proceeds thereof to be deposited to abide the judgment of the appellate court."

The sections 17, 19, 20, 21 and 24 of Laws 1937, c. 32,

in no way relate to such a judgment and order modifying the judgment and decree of September 9, 1946. It is obvious that the proceedings in the trial court, in respect to the custody of the minor child referred to in defendant's motion now before this court, are stayed pending the determination of plaintiff's appeal.

As stated in Browning v. Browning, 208 Cal. 518, 282 P. 503, at page 506: "The respondent has presented another so-called alternative motion in the form of a direct application to this court for an order directing and requiring the plaintiff to turn over and deliver the custody of said minor child to the respondent during the times and periods specified in the judgment and order of the trial court and pending the determination of this appeal. It is perfectly apparent, however, that this court could make no such order in advance of the determination of this portion of the plaintiff's appeal upon the merits thereof, since the very relief which the respondent is seeking to have the court apply is the relief to which the respondent shall be entitled only upon the affirmance of the judgment as to that portion thereof affecting the custody of the minor child, the correctness of which is involved in the hearing and determination upon its merits of this branch of the appellant's said appeal. It follows that the respondent's motion for this form of alternative relief should also be and the same is denied."

In the case of Foster v. Foster, 5 Cal.2d 669, 55 P.2d 1175, 1176, plaintiff, at the date of the judgment decree in the trial court, was legally entitled to the custody of the minor child under a previous order granting her temporary custody. The court held that: "* * * a perfected appeal in an action for the custody of a child automatically constitutes a stay of proceedings and precludes a trial court from interfering with custody as it existed at the time of appeal. Section 949, Code Civ. Proc.; Ex Parte Rose Queirolo, 119 Cal. 635, 51 P. 956; Vosburg v. Vosburg, 137 Cal. 493, 70 P. 473; Browning v. Browning, 208 Cal. 518, 527, 282 P. 503. With this

argument we agree. The authorities so hold. It necessarily follows, we think, from the fact that at the date of the entry of the judgment, the petitioner was legally entitled to the custody of said minor under the order granting her temporary custody, and the fact that the stay of proceedings pending appeal has the legitimate effect of keeping the subject thereof in the condition in which it was when the stay of proceedings was granted, that petitioner is entitled to retain the custody of the said minor until the final determination of the appeal from the judgment. Ex Parte Dupes, 31 Cal. App. 698, 161 P. 276." Ritter v. Superior Court, 99 Cal.App., 121, 278 P. 240; 27 C.J.S., Divorce, sec. 324, p. 1258.

In O'Donnell v. Sixth Judicial District Court, 40 Nev. 428, 165 P. 759, 760, an appeal was taken from an order appointing a guardian. The appellant filed an undertaking on appeal in the sum of $300. This court held the appeal stayed further proceedings, and said:

"The undertaking on appeal filed by petitioner conforms to section 404 of the Civil Practice Act, and, as the procedure authorized by section 6162, Revised Laws, is not a case provided for in sections 404, 405, 408, and 409 of the Civil Practice Act, the perfecting of the appeal by giving the undertaking, as prescribed by section 404, stays proceedings in the court below upon the judgment and order appealed from. Rev. Law, sec. 5355.

"It is argued by respondents that it is against the interest of petitioner, and against public policy, to permit petitioner to manage her property pending the time of her appeal. And it might have been suggested, by way of argument, that an appeal in such cases defeats the purpose of the statute. This position has been ruled upon adversely to respondents by the Supreme Court of California in construing a similar statute. Coburn v. Hynes, 161 Cal. 685, 120 P. 26; In re Woods, 94 Cal. 566, 29 P. 1108; In re Moss, 120 Cal. 695, 53 P. 357.

"We are powerless to remedy what may be a defect or omission in the Civil Practice Act."

Although not a custody case, the principle is analogous.

The defendant, in presenting his motion to this court, relied solely upon the records, files, and proceedings of the trial court. This record is before us in the bill of exceptions filed by the plaintiff. No new facts are presented to this court in support of the motion in addition to the facts already passed upon by the trial court. No evidence is submitted to this court in support of the motion to indicate that an emergency or condition exists inimicable to the welfare of the child, or that his well being will be jeopardized by allowing him to remain with plaintiff.

■ We do not wish to be understood that under no circumstances would the court grant or order the relief asked for in the motion, but in this case no reason, extraordinary or otherwise, has been presented why the custody of the child should be taken from the mother and awarded to the father, pending final determination of the case on appeal. This court will, in a proper case, make such temporary orders as may be necessary to protect the welfare of the child pending an appeal. Gotthelf v. Fickett, 37 Ariz. 322, 413, 294 P. 837; Ex parte Browning, 108 Cal.App. 503, 291 P. 650; Ex parte McKean, 82 Cal. App. 580, 256 P. 226; State ex rel. Wilkerson v. Superior Court, 108 Wash. 15, 183 P. 63.

■ In view of the fact that plaintiff's appeal has stayed proceedings so that the plaintiff is entitled to the custody of the minor child, pending the appeal from the judgment and order and the final determination thereof on the merits, and because no showing has been made that the welfare of the child would be prejudiced by the fact that he will remain in the custody of the plaintiff, pending the appeal, defendant's motion should be, and the same is, denied.