[Crim. No. 5102. Second Dist., Div. One. Nov. 30, 1953.]

In re VICTOR M. ROBELET, on Habeas Corpus.

Paul M. Hupf for Petitioner.

Franklyn M. O'Brien for Respondent.

WHITE, P. J.—On March 22, 1950, a final decree of divorce was entered dissolving the marriage of Doris Robelet and Victor M. Robelet.

The decree awarded custody of their minor children, now aged 11 and 10, to Doris. Although awarded custody of the minor children, Doris did not take them with her, and they remained in the actual care and custody of their father, the petitioner herein.

In her return to the writ, respondent Doris alleged that the reason she did not take actual custody of the children was because of a serious physical and mental illness and upon the advice of her physician. She further alleged that now she has fully recovered from her illness.

In June, 1952, petitioner applied to the Superior Court of the County of San Mateo, where the divorce decree was granted, for an order modifying the custody provision of said decree to vest custody of the children in him. Following a hearing, the order in regard to custody was, on October 3, 1952, modified and petitioner was awarded the care, custody and control of said children, with the proviso that the re-

spondent mother, Doris, have the children with her during the 1953 school summer vacation until the reopening of school in September, 1953, together with other privileges of visitation.

In June, 1952, petitioner remarried and the children continued to reside with him in San Mateo County.

In April, 1952, respondent mother remarried and with her husband, William Alvarado, took up residence at Covina, in Los Angeles County.

At the end of the school term at San Mateo, in June, 1953, pursuant to the foregoing order, the children came to Covina in Los Angeles County, to be with their mother until the reopening of school in September of that year.

While the children were with respondent mother during this vacation period, she applied to the Superior Court of San Mateo County in August, 1953, for an order changing custody of said children to her. Following a hearing on her application, the court, on September 8, 1953, further modified the custody provision of the decree and awarded the care and custody of the children to respondent mother.

On September 10, 1953, petitioner herein filed notice of appeal from the last mentioned modification order, and his appeal, at the time of filing this petition, was pending in the Supreme Court.

On September 10, 1953, after notice of appeal was duly filed, and while the children were with respondent mother, pursuant to the visitation privileges of the order of October 3, 1952, she refused to return said children to petitioner, although the school vacation had terminated and the fall term of school in San Mateo County had commenced.

Petitioner instituted the present habeas corpus proceeding in the Supreme Court on September 25, 1953, where his appeal was pending, and the proceeding was thereafter transferred to this court for hearing and determination.

Petitioner contends that his appeal stayed the September 8th modification order and that he is therefore entitled to custody of the children pending appeal.

As was said by our Supreme Court in *In re Barr*, 39 Cal.2d 25, 27 [243 P.2d 787], ". . . it is clear that the appeal suspended the power of the trial court to enforce the order modifying the custody provisions of the divorce decree. (Citing cases.) '[A] perfected appeal in an action for the custody of a child automatically constitutes a stay of proceedings and precludes a trial court from interfering

with custody as it existed at the time of appeal. (Citing cases.)' "

But while the effect of an appeal is to remove the subject matter of the appeal from the jurisdiction of the trial court (Code Civ. Proc., §§ 946, 949; *Lerner* v. *Superior Court,* 38 Cal.2d 676, 680 [242 P.2d 321]; *Vosburg* v. *Vosburg,* 137 Cal. 493, 496 [70 P. 473]), nevertheless, as was so cogently stated in *Gantner* v. *Gantner,* 38 Cal.2d 691, 692 [242 P.2d 329], "At all times, however, the welfare of the child must be protected by court action. (Civ. Code, § 138.) In the exercise of its appellate jurisdiction, this court clearly has the power in custody matters 'to protect the subject matter of the order or judgment appealed from during the pendency of such appeal. (Citing cases.)' "

But, observed the Supreme Court in the case just cited, at page 692, "Without a showing that serious evils threaten the welfare of the children, the status quo at the time the appeal was taken will not be disturbed."

In order to determine whether it would not be in the best interests of the children or might imperil their welfare, to remain for the duration of the appeal with the parent previously having custody, this court made an order referring that question for factual findings to Commissioner Robert L. Brock of the Superior Court of Los Angeles County.

The order of reference submitted to said commissioner, acting as a referee, two questions upon which he was to take testimony and make findings.

(1) Whether the interests of the children would be imperiled if they remained in the custody of the father pending determination of the appeal and;

(2) Whether the best interests of the children would be served by continuing them in the custody of the mother pending determination of the appeal.

A hearing was had before said referee at which both petitioner and respondent with their attorneys were present. At the conclusion of the hearing the referee made findings, among which are included the following:

"Both of the prospective homes are fully adequate for the children and all of the parties, including the present spouses of each parent, are fit persons to have custody of the children and sincerely interested in the children's welfare.

"The father's present wife is in the home most of the time and personally has cared for the children. She expects a child of her present marriage in the near future. The

mother is a housewife and except for a very short period, which was unavoidable, has been at home with the children at all times when they were not in school.

"The children have adjusted excellently to the changed situation of living in the mother's home, particularly since the last court order was made. Their conduct has improved measurably since being in the custody of their mother, particularly in regard to their manners, respect for elders and affection toward their mother. They have also improved since being in the mother's custody in respect to their eating habits and physical appearance."

During the hearing before the referee, pursuant to stipulation, the children were interviewed by him outside the presence of the parents, but in the presence of the attorneys for both parents. As a result of such interview the referee states in his findings, "The children seem unusually alert and intelligent and expressed themselves as being happy in their present home. They did express a preference to be in the custody of their father, which preference they explained as being due mostly to the proximity of his home to the home of their paternal grandmother of whom both children are extremely fond."

In answer to the other question submitted to the referee, he found that, "The interests of the children would not be imperiled by their remaining in the custody of the father pending determination of the appeal."

From the foregoing it is manifest that in the case at bar there is no showing "that serious evils threaten the welfare of the chlidren" if they remain with the father. Therefore, the status quo at the time the appeal was taken should not be disturbed. (*Gantner* v. *Gantner, supra,* pp. 692, 693.)

Under the facts here present the extralegal seizure or retention of the children by the respondent mother, or any attempted execution of the last modification order by the trial court in violation of the express provisions of sections 946 and 949 of the Code of Civil Procedure is unauthorized. As said by the Supreme Court in *In re Barr, supra,* page 29, "Otherwise, litigants would be encouraged to seize possession of the child pending appeal in the hope that in subsequent habeas corpus proceedings they could persuade an appellate court that their action was in the best interests of the child and that it should ratify their conduct by refusing to issue the writ. As colorfully pointed out in *In re Browning, supra,*

108 Cal.App. 503, 507 [291 P. 650], the child would be 'in the category of a human football whose possession by either parent depends upon the agility, activity and determination of each.' "

Should the welfare of the children in the instant case, at any time in the future, be imperiled by remaining with the father, who had custody when the order appealed from was made, adequate protection of their welfare may be had by application to the court having jurisdiction over the appeal or to the juvenile court. (*In re Barr, supra,* p. 29.)

At the present time, there is no showing that the children may not safely remain with the father pending the appeal.

By reason of the foregoing, it is ordered that the children be delivered to the petitioner, who, pending determination of the appeal, is entitled to their custody pursuant to the terms of the superior court order of October 3, 1952.

Doran, J., and Drapeau, J., concurred.