[Crim. No. 5174.   Second Dist., Div. Two.   Apr. 16, 1954.]

In re ELEANOR E. ORLANDO, on Habeas Corpus.

John K. Ford for Petitioner.

James L. Potts for Respondent.

FOX, J.—By an interlocutory decree of divorce in August, 1947, the custody of the minor, Craig T. Smith, was awarded to his mother, the petitioner herein, with the provision that the father should have custody of the child during the summer vacation period of each year.  As a result of a hearing on an order to show cause, the court, on August 26, 1953, modified the previous custody order and awarded Craig's custody to his father, Thomas H. Smith, with the provision, so far as here material, that petitioner have the child during July and August of each year, Easter vacation, alternate Christmas vacations, and at other times from Friday at 8 p. m. until Sunday at 6 p. m.  At the time this latter order was made the father had the boy with him pursuant to the previous order, which gave him custody during the summer vacation.  On the next day, August 27th, petitioner's then attorney wrote respondent's attorney the following letter: "My clients have requested that you advise Mr. Smith, when he brings the boy over this weekend to bring his clothes that were sent with him for the vacation period, as the mother desires to keep all of said clothes she purchased for the boy at her house so that he can use it during the period he is visiting there."

Commencing with September and continuing through the middle of January, 1954, the parties complied with the order of August 26th.  Since January, 1954, however, respondent has refused to permit petitioner to enjoy the visitation privileges of the later order because of a dispute as to who is entitled to custody pending the determination of petitioner's appeal, notice of which was filed on October 6th.  This proceeding is for that purpose and respondent has indicated his willingness to abide by such determination.

It should be noted that no claim is here made that either party is unfit to have the custody of this child, or that his

welfare or best interests will be imperiled by remaining in the custody of either parent pending the determination of the appeal.

Petitioner takes the position that upon perfecting her appeal the order of August 26th, 1953, was stayed and the earlier order remained in effect, under which she was entitled to custody after the summer vacation. Respondent, however, contends that petitioner submitted to the modifying order and it was executed prior to the time petitioner perfected her appeal and that such appeal, therefore, did not have the effect of undoing what the parties had done pursuant to such order. Respondent's position must be sustained.

■ It is true, as petitioner argues, that "a perfected appeal" in a proceeding for the custody of a child "automatically constitutes a stay of proceedings and precludes a trial court from interfering with custody as it existed at the time of appeal." (*Foster* v. *Foster,* 5 Cal.2d 669, 672 [55 P.2d 1175].) However, such an appeal does "not operate to undo action taken before the appeal." (*In re Barr,* 39 Cal.2d 25, 28 [243 P.2d 787].) Its effect is to stay "all *further* proceedings in the court below upon . . . the order appealed from." (Italics added.) (Code Civ. Proc., § 946; *In re McKean,* 82 Cal.App. 580, 584 [256 P. 226].) It simply preserves "the status quo at the time of the appeal." (*In re Barr, supra.*) ■ If, as respondent contends, the order of August 26th was executed prior to the time petitioner perfected her appeal (which we will assume was on October 6th, the day on which she filed her notice), then habeas corpus does not lie. (*DeLemos* v. *Siddall,* 143 Cal. 313 [76 P. 1115].)

■ It therefore becomes necessary to examine the conduct of the parties following the modification order of August 26th, 1953. At that time the boy was in his father's care by reason of the previous order which gave him custody during the summer vacation. On the day following, petitioner, through her then counsel, wrote Mr. Smith that when he brought the boy over that weekend, to bring his clothes; that she desired to keep all of the clothes that she had purchased for him at her home so he could use them during the period he was "visiting" there. The clear inference from this letter is that petitioner recognized that under the modified order the boy's father was awarded his custody, giving her, however, the right to have the child on weekends, and that she was acquiescing in and accepting such order and

proposing to carry out its terms. The modified custody order and visiting schedule was thereupon adopted and followed by the parties. Thus by consent and conduct the modified order was put into operation and therefore executed before petitioner's appeal was perfected. In this respect the instant case is strikingly similar to the DeLemos case, *supra*. There the mother delivered the child to the father in open court immediately upon the pronouncement by the court of the modifying order giving its custody to the father. Shortly thereafter the mother perfected an appeal from the order. On appeal it was her contention that the effect of her appeal was to hold in abeyance the order appealed from pending the appeal. The court, however, held that "the modifying order was complied with by the petitioner, and it was thus executed before any appeal" (p. 316), and that the effect of the appeal was not to undo what had already been done. (See interpretation of this case in *In re Barr, supra,* p. 28.) In the McKean case, *supra,* the transfer of the custody of the children under the modifying order was also accomplished before the appeal was taken. Relying on the DeLemos case it was held that the mother's petition for a writ of habeas corpus would not lie.

Petitioner relies on *In re Robelet,* 121 Cal.App.2d 598 [263 P.2d 486]. That case is not here applicable because there had been no physical change of possession of the children after the new order and prior to the filing of the notice of appeal which was filed only two days after the order was made. Consequently, the appeal stayed the new order and left the former order in effect pending the determination of the appeal. Since, under the former order, petitioner was entitled to the custody of the children and they were being wrongfully withheld from him, they were properly returned to him through the habeas corpus proceeding.

The writ is discharged.

Moore, P. J., and McComb, J., concurred.