[Crim. No. 2634.   Third Dist.   July 27, 1955.]

In re ROBERT M. FROST, on Habeas Corpus.

Frances Newell Carr for Petitioner.

Robert K. Stone for Real Party in Interest.

VAN DYKE, P. J.—Petitioner, Robert M. Frost, filed his petition with this court asking a writ of habeas corpus on the ground that he was being unlawfully imprisoned by the sheriff of Butte County, California.   The writ was issued and petitioner placed on bail pending determination of the issues presented by the return to the writ.

On September 17, 1952, in an action brought in the Superior Court for Butte County an interlocutory decree of divorce was granted to Frances Eloise Frost, wife of petitioner, and by the terms of that decree the custody of the minor child of the parties was awarded to Frances.   On January 15, 1954, on application of petitioner, the court modified the interlocutory decree by giving custody of the minor to petitioner, which order for change of custody became final.   On the 15th day of June, 1955, on application of Frances, the court made an order which, as petitioner herein contends, modified the existing custody order, by again awarding custody of the minor to

Frances. The court ordered petitioner to deliver the child to her. On June 21, 1955, petitioner appealed. Thereafter petitioner was ordered to show cause why he should not be adjudged in contempt of court for refusing to deliver the child to Frances. He took the position that his appeal had statutorily stayed the execution of the order appealed from and that the court was, therefore, without jurisdiction to enforce that order or to find him in contempt for having disobeyed it. He was adjudged guilty of contempt and imprisoned until such time as he should purge himself of contempt by delivering the minor child pursuant to the order from which he had taken his appeal.

■ An appeal from an order modifying the custody provisions of a divorce decree suspends the power of the trial court to enforce such order. ■ The perfected appeal automatically constitutes a stay of proceedings and precludes the trial court from interfering with custody as it existed at the time of appeal. (*In re Barr*, 39 Cal.2d 25 [243 P.2d 787].) The foregoing rules of law are not contested by respondent nor is it argued that the contempt order imprisoning petitioner until he shall have obeyed the order of the court appealed from does not constitute a direct attempt by the trial court to enforce that order pending appeal.

The sole contention of respondent is that by reason of the form of the order it was and is nonappealable and may, therefore, be appropriately enforced by imprisoning petitioner until he shall have obeyed it. This contention cannot be sustained. The order appealed from is based on an order to show cause why the existing custody should not be modified. The court found expressly that the minor needed the supervision and care of her mother, that the best interests of the child "would be best subserved by changing the custody of said child to the said defendant." It was then found that the residence of the mother was not adequate in size to permanently house her, her present husband and the minor, and, therefore, the court stated that "the change of custody of said minor child should not be made permanent until a proper showing is made by the defendant that she had procured sufficient and adequate housing facilities." It was further found that the mother's "present residence is sufficient for temporary custody of said minor child only." Having made these express findings, the court "ordered, adjudged and decreed that the interlocutory decree as modified, wherein custody of the minor child of the parties hereto, namely Leslie

Adrienne Frost, was awarded to the plaintiff, *should be and it is hereby modified as follows*: . . .'' It was then decreed that the mother of the minor was ''awarded temporary custody of said child, . . ., until September 21, 1955, at 10:00 A. M.'' and that ''said child is to be produced in court on said date; that the matter of permanently changing the custody of said child . . . be, and the same is hereby, continued to September 21, 1955 at 10:00 A. M. for the purpose of determining whether or not sufficient and adequate housing facilities have been procured by the defendant.'' It was then ordered that the petitioner herein ''deliver . . . the custody of said minor child.''

It is argued that the foregoing constituted no change of legal custody, but a mere temporary shifting of the physical control and custody until the date to which the proceeding was ordered continued for further hearing.

The order appealed from was clearly stated to be an order changing the custody from the existing custody status and transferring that custody to the mother of the minor. Such an order is appealable. Stating that it is not permanent and that it may be changed later if conditions as to permanent housing be not met by a fixed time does not detract from its effect as a custodial change. In the last analysis all custody decrees are temporary in the sense that there remains in the court a continuing jurisdiction from time to time to change them. If this order could by reason of its language be construed to be nonappealable as being only a temporary order, then an order using the same language but referring to a date three years or 10 years in advance for further determination as to whether it should longer continue in force would likewise be nonappealable, with the result that by merely setting dates for further hearings the trial court would be given final power and the right of appeal from changes in custody decrees would be abolished. There is much involved in legal custody beyond mere temporary physical care and control such as exists during the exercise of visitation rights. And where there is an existing decree fixing legal custody any change of legal custody constitutes an appealable order.

The petitioner is discharged from custody and the bail heretofore given is exonerated.

Bedeau, J., pro. tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.