Filed 6/21/23 Marriage of Freeman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of EDWARD SHELDON and JEWEL BIANCA FREEMAN. | |
| EDWARD SHELDON FREEMAN, Respondent, v. JEWEL BIANCA FREEMAN, Appellant. | F085156 (Super. Ct. No. FL-20-000995) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County. Jack M. Jacobson, Judge.

Jewel Bianca Freeman, in pro. per., for Appellant.

Edward Sheldon Freeman, in pro. per., for Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

Appellant Jewel Bianca Freeman (mother) alleges the trial court erred when it failed to consider a doctor's note she presented addressing her ability to work and care for her children at various hearings considering child custody and support. Mother further contends this error is evidence of the court's bias and unfairness, resulting in a violation of her due process rights. While we affirm the judgment entered below, we have chosen to address additional procedural questions connected to mother's appeal.

## PROCEDURAL AND FACTUAL SUMMARY[1]

In March 2021, mother and Edward Sheldon Freeman (father) dissolved their marriage and became subject to a child custody order granting both parents joint legal and physical custody of their three children, who at the time were between the ages of five and two. While the children lived primarily with their father, mother's designated time with her children consisted of at least two weekends a month, and each weekday between 5:30 a.m. and 4:00 p.m. In June 2021, father sought to modify the order, arguing mother was inconsistent with her periods of custody, and would not take the children for overnight visits. The trial court referred the matter for a Family Court Services evaluation in August 2021, and while that was pending, modified the custody order by shortening mother's weekends with her children and specifying that she would receive midweek visits on Tuesdays and Thursdays between 5:00 p.m. and 7:00 p.m. The completed evaluation eventually recommended father be granted sole legal and physical custody, and that mother's right to visitation continue as modified in August 2021. When mother objected to the recommendation, the court set the case for a "long cause hearing" and continued the current custody order.

During the hearing held over one year later on October 11, 2022, mother testified that she wanted 50/50 custody of the children to be restored. Father testified that after the

---

[1] Facts presented in this summary are taken from the tentative decision issued in this case that was ultimately adopted by the court as its statement of decision.

original custody order was entered, he would often receive medical notes from mother indicating she was not able to care for the children and was generally inconsistent in providing care. Father eventually enrolled the children in daycare for those periods while he was working. Father testified that he would now like to further modify the custody order because mother just obtained a job requiring her to work on Thursday evenings and weekends, when she was supposed to be spending time with the children. Mother confirmed the information about her new job.

Both mother and father expressed their concerns about the care the children were receiving when they were with the other parent. Both parents agreed they have poor communication and have trouble coparenting. Additional testimony was also provided by the children's maternal grandfather, paternal grandmother, and the operator of the daycare facility the children attend regarding their observations of the children during the relevant periods of time.

Citing testimony provided at the hearing, the evaluation prepared in 2021, and public policy requiring material evidence be shown before changes are made to permanent custody orders, the trial court continued the custody order issued in August 2021. However, the court modified the order to deny mother visitation while she is working, and to grant father sole physical custody, but joint legal custody with mother.[2] The tentative decision, dated October 14, 2022, became the court's statement of decision 10 days later when no objections were submitted by the parties. The record is not clear when the final order represented in this tentative decision was actually entered.

---

[2]     The fact physical custody of the children was changed from joint to sole physical custody in favor of father rendered this an appealable order. (See *In re Frost* (1955) 134 Cal.App.2d 619, 621.)

3.

On October 21, 2022, mother filed her notice of appeal challenging the "custody and visitation orders" entered by the court.[3] On November 1, 2022, mother filed her notice designating the record on appeal, but then 14 days later on November 15, 2022, filed an amended notice designating the record on appeal. In this amended notice, mother requested to file a settled statement and checked off the box indicating there had been a reporter at the designated hearing.[4] Mother then listed three hearings between August and October 2022 that would be addressed in the settled statement.

Mother submitted her proposed settled statement on December 7, 2022. The potential error mother identified in the proposed settled statement was the trial court's refusal to accept the medical note showing she was cleared to work and take care of her children. Mother believes this error impacted the decisions made by the court on the child custody and "timeshare" order entered by the court following the hearing. Father submitted his response to the settled statement on December 14, 2022. In this response, father disputed mother's claim that she was prevented from submitting the doctor's note regarding her ability to take care of the children. The court ultimately denied mother's request to use a settled statement in this appeal, citing errors in the notice designating the record on appeal and timeliness.

## DISCUSSION

Mother's appeal is completely focused on the question of a doctor's note and whether any refusal by the trial court to admit that note into evidence was an indication of bias. While this argument will be addressed, we start with procedural questions presented by the record on appeal.

---

[3]    Mother filed the notice of appeal before the expiration of the 10 day period designated in the tentative decision, at which time the tentative decision would become the court's statement of decision.

[4]    The court's order denying mother's request for a settled statement states no reporter was present at the October 11, 2022 hearing.

## I. The Record Provided in this Appeal is Flawed

As with a prior appeal brought by mother on the issue of child support,[5] the record on appeal consists of a clerk's transcript with a selection of documents filed in this matter. Although mother initiated the process to include a settled statement in lieu of a reporter's transcript, that process was not completed. (Cal. Rules of Court, rule 8.137.)[6] We are, therefore, limited in our review because there is only a brief summary of the hearing at the core of this appeal in the statement of decision of the trial court. A more complete record and summary of the testimony from that hearing would have been beneficial to our review. (See *Committee to Defend Reproductive Rights v. A Free Pregnancy Center* (1991) 229 Cal.App.3d 633, 637–639.)

### A. The Procedural Errors Related to the Settled Statement

Pursuant to rule 8.137(a), a "settled statement is a summary of the superior court proceedings approved by the superior court." An appellant may elect to use a settled statement when the hearing that is the subject of the appeal was not reported by a court reporter. (Rule 8.137(b)(1)(A).) To initiate this process, an appellant can elect to use a settled statement in the notice designating the record on appeal, without the need to make a motion. (Rule 8.137(b)(1).) Among other requirements, the notice must specify the date of each oral proceeding to be included in the settled statement and identify whether each proceeding was reported. (Rule 8.137(b)(3).) Once such a request is made, the trial court has only "limited" discretion in ruling on the motion, and it should be granted unless there is a justifiable excuse for denying it. (*Mooney v. Superior Court* (2016) 245 Cal.App.4th 523, 532.) Within 30 days after the appellant elects to use a settled

---

[5]     On this court's own motion, we take judicial notice of the prior opinion in *Freeman v. Freeman* (Oct. 14, 2022, F083654) [nonpub. opn.], pursuant to Evidence Code sections 452, subdivision (d) and 459.

[6]     All further citations to rules are to the California Rules of Court.

statement, or the superior court clerk sends an order granting a motion to use a settled statement, the appellant must serve and file a proposed statement. (Rule 8.137(c)(1).)

In this case, there appeared to be confusion on whether mother's request to submit a settled statement was timely. Specifically, the trial court noted in its order denying mother's settled statement that mother waived her right to proceed with a settled statement, and that the court's statement of decision "contains an adequate summary of the oral and documentary evidence submitted at trial."

Again, mother submitted a settled statement in her earlier appeal addressing child support decided by this court in October 2022. The clerk's transcript of that appeal reveals mother filled out the notice designating the record on appeal indicating her desire to use a settled statement and received an order approving her settled statement after certain changes were made. Therefore, it cannot be said mother was unfamiliar with the process of completing a settled statement.

Under rule 8.137, a trial court has a special duty to "settle" a statement, when a reporter was not present at the relevant hearing. (See *Randall v. Moussa* (2016) 2 Cal.App.5th 929, 934–935.) The availability of a settled statement when there is no reporter's transcript available is especially crucial because the "[f]ailure to provide an adequate record on an issue requires that the issue be resolved against appellant." (*Id*. at p. 935.)

In this case, the trial court rejected mother's proposed settled statement citing both her "premature" filing of the notice of appeal, and the fact that the proposed settled statement was filed more than 30 days after she filed her notice designating the record on appeal. If we view her premature filing of the notice of appeal and the premature filing of the notice designating the record on appeal as filed immediately upon the entry of the order or judgment making the court's decision appealable, then the court's concerns about timeliness are potentially moot. We have discretion to treat a premature filing of a notice of appeal as timely after the filing of the ensuing judgment. (See *Good v. Miller*

6.

(2013) 214 Cal.App.4th 472, 474.) We choose to treat mother's premature filing of her notice of appeal as timely in this case.

The court's tentative decision stated it would become the final statement of decision 10 days after service pursuant to rule 3.1590(c)(4), unless challenged. The tentative decision was served by mail on October 14, 2022, and the record offers no evidence the decision was ever challenged. Therefore, we can assume the decision became final on October 29, 2022. However, we are not entirely sure about this conclusion because of a confusing reference to the date of November 15, 2022, in the order denying mother the right to file a settled statement, as the date when the order became final. The record provides no information showing how or when a final notice of judgment or order was served, making it difficult to determine what date to assign to the notice of appeal. This makes the timeliness of the request for a settled statement difficult to resolve.

However, we must keep in mind, mother had a duty to take all the necessary steps to protect her right to an adequate record of appeal. When the trial court rejected mother's settled statement, she had the option to seek writ review, or to raise concerns about the denial in the opening brief on appeal. (*Randall v. Mousseau*, *supra*, 2 Cal.App.5th at p. 936.) Mother failed to take either step to challenge the decision by the court to reject her proposed settled statement.

While we believe mother waived this issue on appeal, we also find any potential error harmless. The court specifically provided a detailed summary of the proceedings in the trial court in its tentative decision. We note for future guidance, however, the trial court is required under rule 8.137(f) to resolve conflicts presented by the opposing settled statements so that the appellate court has a proper record before it when resolving issues presented by an appellant.

7.

## II.    The Question of Bias

Mother contends the trial court judge assigned to her case was biased against her resulting in a ruling that reduced the amount of time she was allowed to have custody of her children.  Mother connects this belief to the fact the judge made a request for a doctor's note showing her ability to take care of her children and/or work in August 2021.  After she obtained that note, mother states the judge refused to consider it at various custody hearings and especially during the trial held in October 2022.  Mother believes this note proves she was capable of sharing joint custody with father, and that the court's decision not to admit the note into evidence was itself evidence of the judge's bias against her.

Case law has recognized that California has a substantial statutory system available to address alleged judicial bias.  (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 588.)  If a party is concerned that there is judicial bias, they are required to raise an objection in the trial court pursuant to Code of Civil Procedure section 170.6, and, if dissatisfied with the ruling in the trial court, to then petition for a writ of mandate from the appellate court, which is the exclusive way to review such a challenge.  (*Schmidt*, at p. 588.)  Repeated rulings against a party in the trial court are not grounds alone for a finding of bias.  (*Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795–796.)  However, the failure to raise a challenge of bias in the trial court will result in a waiver of this issue on appeal.  (See *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 406.)

Finally, we note, an order of the lower court is presumed correct unless an appellant affirmatively demonstrates there is prejudicial error.  (*Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 546.)  All "intendments and presumptions are indulged to support it on matters as to which the record is silent." (*Ibid.*, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Mother has not

8.

established prejudicial error in this appeal due to the failure to admit as evidence the doctor's note addressing her ability to work and/or take care of her children.

## DISPOSITION

The order modifying the custody order in this case is affirmed. No costs are awarded in this appeal.